SUBURBAN AIR FREIGHT, INC., APPELLEE, V.
GERALD J. AUST, APPELLANT.
636 N.W.2d 629

Filed December 14, 2001.   No. S-00-221.

Frederick R. Strasheim, of Blackwell, Sanders, Peper & Martin, and Jerrold L. Strasheim, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, L.L.P., for appellant.

Robert E. O'Connor, Jr., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Suburban Air Freight, Inc. (Suburban Air), sued Gerald J. Aust for breach of an agreement for reimbursement of training costs after Aust left his employment and refused to pay for pilot training provided by Suburban Air. A jury in the county court for Douglas County entered a verdict in favor of Suburban Air in the amount of $2,916. On appeal, the district court affirmed, and Aust timely appealed.

## SCOPE OF REVIEW

■ The district court and the Nebraska Supreme Court generally review appeals from the county court for error appearing on the record. *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990).

■ On appeal from the district court, appellate review is limited to those errors specifically assigned in the appeal to the district court and again assigned as error in an appeal to a higher

appellate court. See *Miller v. Brunswick*, 253 Neb. 141, 571 N.W.2d 245 (1997).

## FACTS

In its amended petition, Suburban Air claimed that it suffered $3,000 in damages when Aust left his employment with Suburban Air and did not reimburse the company for pilot training as required by the training agreement. Aust asserted in a counterclaim that Suburban Air wrongfully withheld wages from him although he continued to work for a short time after informing Suburban Air that he planned to leave its employment. Aust claimed he was damaged in the amount of $83 or $84 in bank charges.

Suburban Air provides air transportation for freight, and in 1996, it hired Aust as a pilot to be based in North Platte. In May, Aust signed the first of two agreements in which Suburban Air agreed to provide general indoctrination training and Aero Commander 500/680 ground and flight training so that Aust would be certified to fly the Aero Commander 680FL aircraft. A pilot must pass oral and written examinations and an inflight competency check for each type of aircraft flown by the pilot. The parties agreed that the fair value of the training was $5,000. This agreement provided that if Aust voluntarily terminated his employment with Suburban Air at any time prior to or 1 calendar year from the date of the agreement or if Aust's employment was terminated for cause, Aust would reimburse Suburban Air for the training on a prorated schedule.

In November 1996, Aust requested a transfer to Omaha, and he and his family moved to Omaha in February 1997 at Aust's expense. Aust continued to fly the Aero Commander 680FL and began training on the Cessna 402.

On June 3, 1997, the parties entered into a second training agreement which is the basis of this appeal. In the agreement, Suburban Air agreed to provide training for Aust on a Cessna 402 in return for his agreement to stay in Suburban Air's employ for 1 year. The fair value of the training was set at $3,000. The specifics of the second agreement varied from the original agreement as to the deadlines and amounts of reimbursement. Under the second agreement, if the termination occurred within

210 days of the agreement, Aust agreed to repay the entire training cost of $3,000. If the termination occurred after 210 days or before 240 days following the signing of the agreement, Aust agreed to repay five-sixths of the training cost. The amount that would be reimbursed upon early termination decreased by one-sixth of the training cost for every additional 30 days during which termination did not occur. If the termination occurred more than 330 days and on or before 365 days following the signing of the agreement, Aust agreed to pay one-sixth of the training cost. Aust was not required to repay any part of the training cost if the termination occurred more than 365 days from the date of the agreement.

Initially, Aust refused to sign the second training agreement, but he eventually signed it in the presence of Louis Kuhn, Jr., senior line pilot and director of training for Suburban Air. In October 1997, Aust quit his job with Suburban Air and took a position with Silver Hawk Aviation in Lincoln, where he was employed at the time of trial. Suburban Air sued Aust for breach of the second agreement, seeking reimbursement of the training costs.

On February 12, 1999, a county court jury found in favor of Suburban Air and awarded damages in the amount of $2,916. In addressing Aust's motion for directed verdict or, in the alternative, a new trial, the county court found that the evidence supported the amount of damages and a finding of proximate cause and substantial performance by Suburban Air. The county court found that the purpose of the training agreement was not to effect an assignment of wages but, instead, was to ensure that Suburban Air would be reimbursed for its investment in Aust's training. The county court concluded that the provision of the agreement alleged to be a wage assignment was severable from the rest of the agreement and that the agreement should be enforced even if it contained a wage assignment provision which would not be enforced. The county court denied Aust's motion for directed verdict and/or a new trial.

Aust timely appealed to the district court, which found no error appearing on the record and affirmed the judgment of the county court. Aust timely appealed to the Nebraska Court of Appeals, and the case was moved to this court's docket pursuant

to our authority to regulate the caseloads of this court and the Court of Appeals.

## ASSIGNMENTS OF ERROR

Aust assigns as error that the county court erred (1) in refusing to grant judgment as a matter of law in favor of Aust because the training agreement contained an unlawful wage assignment provision; (2) in submitting the issue of damages to the jury because the evidence was not sufficient to support the verdict and in refusing to grant judgment as a matter of law in favor of Aust because there was no evidence of substantial performance of Suburban Air's obligations under the agreement; (3) in refusing to invalidate the agreement because it contained a liquidated damages provision; and (4) in failing to grant Aust's motion for a directed verdict or, in the alternative, a new trial. Aust also assigns error in the district court's affirmance of the county court's judgment and the district court's denial of his motion for directed verdict and/or a new trial.

## ANALYSIS

This action was originally brought in county court and subsequently appealed to the district court. The district court and the Nebraska Supreme Court generally review appeals from the county court for error appearing on the record. *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990). On appeal from the district court, appellate review is limited to those errors specifically assigned in the appeal to the district court and again assigned as error in an appeal to a higher appellate court. See *Miller v. Brunswick*, 253 Neb. 141, 571 N.W.2d 245 (1997).

Aust asserts that the county court should have granted judgment in his favor as a matter of law because paragraph 5 of the training agreement is an unlawful wage assignment which makes the agreement void and that the county court erred in finding the provision to be severable from the remainder of the agreement. Paragraph 5 provided:

> Withholding from wages: All amounts due in reimbursement shall be paid in full by employee to Suburban Air Freight, Inc., within fourteen (14) days from any date of termination. In executing this agreement, Employee specifically authorizes Suburban Air Freight, Inc., to withhold

from any wages or other sums of money due to him/her, any balance due under this agreement . . . .

Aust suggests that this provision voids the training agreement because it violates state law, which requires that wage assignments be signed by both a husband and a wife, and Aust's wife did not sign the agreement. Neb. Rev. Stat. § 36-213 (Reissue 1998) states: "[E]very assignment of the wages or earnings of the head of a family and every contract or agreement intending or purporting to have the effect of such assignment shall be void unless such contract, agreement, assignment, or transfer is executed and acknowledged by both husband and wife . . . ." The county court granted partial summary judgment in favor of Aust, finding that paragraph 5 of the agreement was null and void and unenforceable. However, the county court found that paragraph 5 was severable and that the agreement had a legitimate purpose independent of the assignment of wages.

■ The interpretation of a contract involves a question of law, in connection with which an appellate court has an obligation to reach its conclusions independent of the determinations made by the court below. *State Farm Mut. Auto. Ins. Co. v. Cheeper's Rent-A-Car*, 259 Neb. 1003, 614 N.W.2d 302 (2000). We conclude that paragraph 5 was severable from the remainder of the training agreement and that the county court did not err in severing this provision from the agreement.

Aust also argues that the county court erred in submitting the issue of damages to the jury without sufficient evidence to support a verdict and in refusing to grant judgment as a matter of law in favor of Aust. Aust claims that Suburban Air failed to prove the existence or amount of damages by sufficient evidence or with reasonable certainty and that Aust's alleged breach of the training agreement was the actual or proximate cause of any damages suffered by Suburban Air.

■ In this case, the jury acted as the fact finder. The amount of damages to be awarded is a determination solely for the fact finder, and the fact finder's decision will not be disturbed on appeal if it is supported by the evidence and bears a reasonable relationship to the elements of the damages proved. *ConAgra, Inc. v. Bartlett Partnership*, 248 Neb. 933, 540 N.W.2d 333 (1995).

■ In determining the sufficiency of the evidence to sustain a verdict in a civil case, an appellate court considers the evidence most favorably to the successful party and resolves evidential conflicts in favor of such party, who is entitled to every reasonable inference deducible from the evidence. *Patterson v. City of Lincoln*, 250 Neb. 382, 550 N.W.2d 650 (1996), *cert. denied* 519 U.S. 1058, 117 S. Ct. 688, 136 L. Ed. 2d 612 (1997). The evidence at trial included two training agreements signed by Aust. He fulfilled the first agreement by working for Suburban Air for more than 1 year. This case arises from Aust's alleged breach of the second agreement, which he signed on June 3, 1997. There is no dispute as to whether Aust signed the agreements. The 1997 agreement was received into evidence without objection.

At trial, Geoffrey Gallup, treasurer of Suburban Air, was asked to identify the factors used by the company to determine the value of the training provided to its pilots. He stated that the figure includes the cost of airplane parts, fuel, maintenance, insurance, and inspection, as well as administrative costs for staff who maintain records on each plane. For example, the Federal Aviation Administration requires that each plane be inspected after every 150 hours of flight, and these inspections cost between $5,000 and $25,000. Gallup also stated that Suburban Air must meet federal aviation regulations for its pilots, who fly solo, and must ensure that each pilot is skilled for the particular aircraft he or she flies.

The jury determined that the $3,000 figure set forth in the second training agreement was reasonable and was supported by the evidence. The $2,916 verdict reflects that the jury subtracted the amount of Aust's counterclaim from the $3,000 value stated in the agreement. Viewing the evidence most favorably to Suburban Air, the evidence was sufficient to sustain the verdict, and we find no prejudicial error which requires that the verdict be overturned.

Aust complains that the county court erred in refusing to invalidate the purported liquidated damages provision in the training agreement as an unlawful penalty clause and in instructing the jury that the "agreed upon value" of the training was $3,000.

Jury instruction No. 2 states in part:

The agreement provided that the parties agreed that the value of the training was $3,000.00. Further, the parties

agreed that if Gerald Aust left his employment prior to the expiration of one year, he would be responsible for repaying on a pro rata basis the cost of his training. Gerald Aust subsequently left his employment before the year was up and Suburban Air Freight now sues to collect the agreed upon value of the training, $3,000.00.

The Plaintiff claims that the Defendant breached the contract after he left employment, he failed, neglected and refused to repay the $3,000.00 called for in the agreement for reimbursement of training costs.

The Plaintiff also claims that it was damaged as a result of this breach of contract, and it seeks a judgment against the Defendant for these damages, in the amount of **$3,000.00**.

During the jury instruction conference, Aust made no objection to instruction No. 2, which stated that the amount of damages in dispute was $3,000. In order to appeal a jury instruction, an objection to the proposed instruction must be made at the trial level. *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 605 N.W.2d 136 (2000). Aust cannot now complain about instruction No. 2 when he failed to object during the instruction conference.

Aust claims the county court erred in refusing to grant judgment in his favor because no evidence was offered regarding substantial performance of Suburban Air's obligations under the training agreement. He asserts that Suburban Air did not show that it had provided the company indoctrination training specified in the agreement. The county court denied Aust's motion for directed verdict on this issue.

A trial court should direct a verdict as a matter of law only when the facts are conceded, undisputed, or such that reasonable minds can draw but one conclusion therefrom. *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001). The party against whom the motion for directed verdict is made is entitled to all reasonable inferences deducible from the evidence. See *McLain v. Ortmeier*, 259 Neb. 750, 612 N.W.2d 217 (2000).

Kuhn, director of training for Suburban Air, testified that he provided Aust with general indoctrination training, which included a review of the company manual, an explanation of

company procedures, and a review of company operation specifications. We conclude that the evidence was sufficient to establish that Suburban Air substantially performed its obligations under the training agreement, and the county court was correct in denying Aust's motion for a directed verdict on this issue.

Aust's final assignment of error argues that the county court erred in failing to grant his motion for a directed verdict or, in the alternative, for a new trial. A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of discretion. *Rod Rehm, P.C. v. Tamarack Amer.*, 261 Neb. 520, 623 N.W.2d 690 (2001). A motion for new trial is to be granted only when error prejudicial to the rights of the unsuccessful party has occurred. *Id.* The record contains no evidence that the county court abused its discretion in denying the motion or that any error prejudiced Aust.

Aust also filed a motion for a directed verdict or a new trial in the district court, which was sitting as an appellate court.

> [A] motion for new trial may appropriately be filed only in a trial court. See *Interstate Printing Co. v. Department of Revenue*, 236 Neb. 110, 459 N.W.2d 519 (1990). It is improper to move for a new trial in a court which reviewed the decision of a lower court . . . and thus functioned not as a trial court but as an intermediate court of appeals.

*Booker v. Nebraska State Patrol*, 239 Neb. 687, 688, 477 N.W.2d 805, 806 (1991). Thus, the district court could not properly consider Aust's motion.

We find no error on the record in the county court that would have required the district court to reverse the jury verdict. The decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. See *In re Estate of Mecello, ante* p. 493, 633 N.W.2d 892 (2001).

## CONCLUSION

The district court did not err in affirming the county court's judgment. Thus, the judgment of the district court is affirmed.

AFFIRMED.

McCormack, J., participating on briefs.