In re Loyal W. Sheen Family Trust.
Veona G. Sheen Barnes, Trustee, and
Elena F. Sheen Schmidt, beneficiary and
Trustee, appellants, v. Janene M. Feikert and
Allen W. Sheen, beneficiaries, appellees.
640 N.W.2d 653

Filed March 22, 2002.   No. S-00-792.

Gregory C. Damman, of Blevens & Damman, and, on brief, Michael L. Johnson, of Leininger, Smith, Johnson, Baack, Placzek, Steele & Allen, for appellants.

Kent A. Schroeder and Vikki S. Stamm, of Ross, Schroeder & Romatzke, for appellee Janene M. Feikert.

Hendry, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Miller-Lerman, J.

NATURE OF CASE

Veona G. Sheen Barnes and Elena F. Sheen Schmidt, as trustees of the Loyal W. Sheen Family Trust and individually,

appeal the decision of the county court for Buffalo County which concluded that Janene M. Feikert was among the beneficiaries of the trust and granted Janene's petition to remove Veona and Elena as trustees. We find no error on the record and affirm the decision of the county court.

## STATEMENT OF FACTS

Loyal W. Sheen and Veona were married and had three children, Allen W. Sheen, Janene, and Elena. In 1979, Loyal and Veona purchased a "kit" and "educational materials" from "E. S. Publishers" and the Rev. J.H. Schroeder, which purported to instruct them on how to establish trusts that would allow them to reduce or eliminate income taxes. The Nebraska Attorney General subsequently brought an action against Schroeder under the Consumer Protection Act. It was determined that

> Schroeder employed unfair and deceptive acts and practices by misrepresentation in connection with the promotion and sale of certain purported trust forms. The claimed trusts, which were to result once the forms were completed, were to reduce or eliminate income taxes by passing one's earned income to the trust and deducting from said income his or her personal living expenses.

*State ex rel. Douglas v. Schroeder*, 222 Neb. 473, 475, 384 N.W.2d 626, 628 (1986).

Pursuant to advice provided in the materials purchased from Schroeder, Veona conveyed all her property to Loyal, who conveyed all of the joint property into the Loyal W. Sheen Family Trust (hereinafter the Trust). The Trust was created by an instrument dated January 17, 1979, and registered in the office of the Buffalo County register of deeds on January 24. The trust instrument was based on a form provided by Schroeder. The property transferred to the Trust was essentially all the property owned by Loyal and Veona. Loyal was named in the instrument as creator and grantor of the Trust, and Veona and Elena were named as trustees.

The first meeting of the board of trustees of the Trust was held January 16, 1979. The minutes of the meeting, which were prepared from a form provided in the kit, stated, inter alia, that the property transferred by Loyal to the Trust included, "The

Exclusive use of his lifetime services including ALL of his earned remuneration accruing therefrom, from ANY current source whatsoever in exchange for all of the beneficial interest of THIS TRUST . . . ." The minutes stated that in exchange for the property he contributed, Loyal was given "One Hundred (100) Units of Beneficial Interest being ALL of the Beneficial Interest of THIS TRUST." The minutes further stated that the trustees elected Veona to be a trustee of the Trust "and to hold office for life." A second meeting was held January 17, and the minutes of that meeting indicated that the Trust contracted with Loyal and Veona for their lifetime services as executive trustee and executive secretary of the Trust. The minutes indicated that in exchange for their lifetime services, Loyal and Veona would be provided with housing, transportation, health care, educational allowances, miscellaneous expenses, and remuneration for their services as mutually agreed by the trustees for consultant fees.

On February 27, 1981, a verified petition to modify and amend the terms of the Trust was filed in the county court for Buffalo County. Among the individuals attesting to the veracity of the petition were Veona and Elena. The petitioners listed in the petition were as follows: Veona and Elena, designated as trustees; Loyal, designated as grantor-creator and beneficiary; and Veona, Allen, Janene, and Elena, designated as beneficiaries. The stated purpose of the petition was "solely to clarify the intent of the Grantor-Creator in creating said Trust, to further restrict the relationship of said Grantor-Creator to said Trust, and further, to more specifically define the rights, powers and duties of the Trustees in their operation of said Trust." The petitioners requested that the county court order that the terms of the Trust be modified and amended in accordance with an attached document. The attached document was an instrument providing the terms of the Trust. The trust instrument specified, inter alia, that Loyal was the sole initial beneficiary of the Trust and that beneficial interests were divided into 100 units, each of which represented a 1-percent interest in both the income and corpus of the Trust. The trust instrument also provided that the holder of a beneficial interest could transfer interests and, in making such transfers, could elect to split the beneficial interest between income and principal interests.

Also attached to the petition was a schedule designated as "Schedule A," which the petition alleged

accurately lists the names of the Trustees, the name, place, and date of the registration of the Trust, the [names of the] beneficiaries of the Trust including their ages, addresses, and the extent of their interest in said Trust, and the name and address of the Grantor-Creator of said Trust.

The schedule listed Loyal as grantor-creator and Veona and Elena as trustees. Listed as "Beneficiaries of the Trust" were Veona, Allen, Janene, Elena, and Loyal. The schedule also listed the following "Units of Benf. Interest" for each person: Veona, 8 units; Allen, 30 units; Janene, 30 units; Elena, 30 units; and Loyal, 2 units. Although the listing showed 100 units distributed among the listed beneficiaries, it did not indicate whether those units represented interests in income, principal, or both, nor did it indicate how or when each person had obtained such units. On February 27, 1981, the Buffalo County Court entered an order allowing modification and amendment of the trust and ordered that "the Modification and Amendment attached to the petition do hereby supersede and take full precedent over the hereinbefore Declaration of Trust, as described in Schedule A of the petition."

Loyal died on August 18, 1982. The Trust continued with Veona and Elena serving as trustees. On April 6, 1995, Janene filed a petition for removal of trustees in the county court. Janene alleged that she was a beneficiary of the Trust and that Veona and Elena had breached their duties as trustees in that they (1) had failed to perform their duties, (2) had a conflict of interest, (3) had been guilty of misconduct while in office, (4) had contributed to hostile relations between the beneficiaries and the trustees of such a nature as to interfere with the Trust's proper execution, (5) had been negligent in caring for Trust property, and (6) had failed to deliver a statement of accounts and copies of federal and state income tax returns for the Trust pursuant to a demand made on November 9, 1994. Janene alleged that she would suffer great irreparable loss and injury if Veona and Elena were permitted to continue as trustees, and she requested that they be removed as trustees.

Veona and Elena answered the petition on May 1, 1998, by denying that Janene was a beneficiary of the Trust and denying

her allegations that they had breached their duties as trustees. On May 28, Veona and Elena as trustees of the Trust filed a petition for a trust administration proceeding pursuant to Neb. Rev. Stat. § 30-2806 (Reissue 1995), requesting that the county court ascertain the beneficiaries of the Trust. On January 6, 2000, the county court granted Veona and Elena's motion to consolidate their petition for trust administration with Janene's petition for removal of trustees.

Trial on the petitions was held May 23, 2000. On that day, Veona and Elena filed a request for findings of fact and conclusions of law pursuant to Neb. Rev. Stat. § 25-1127 (Reissue 1995) requesting findings as to (1) whether Veona was entitled to be a trustee of the Trust; (2) whether Veona should be removed as a trustee; (3) whether Elena should be removed as a trustee; (4) whether Veona was entitled under her "Employment Contract for life" with the Trust to be provided by the Trust "with housing, transportation, health care, educational allowances, miscellaneous expenses, and remuneration for services"; (5) whether Loyal was a beneficiary of the Trust; (6) whether Veona was a beneficiary of the Trust; (7) whether there were any beneficiaries of the Trust other than Loyal and Veona; and (8) if so, the identities of any beneficiaries other than Loyal and Veona.

On June 14, 2000, the county court entered its order on the petitions. The county court found that as of the date of the modification and amendment of the Trust in 1981, the beneficiaries of the Trust were Veona, Allen, Janene, Elena, and Loyal and that their percentage interests in the Trust were as indicated in Schedule A attached to the 1981 petition. There was no evidence that certificates of beneficial interest had been delivered to them; however, the county court found that Allen, Janene, and Elena had been treated as beneficiaries throughout the history of the Trust and that any requirement that certificates be delivered to them had been waived.

Based in part on the lifetime employment contracts the Trust executed with Loyal and Veona, the county court further found that the intent of the creator of the Trust was to provide for lifetime living expenses for Loyal and Veona. The county court found therefore that Veona was the lifetime beneficiary of the Trust and was entitled to all of the income from the Trust during

her lifetime. The county court further found that the trust corpus could be invaded to provide for her living expenses, health and medical expenses, and general welfare in the discretion of the trustees. The county court found that the residuary beneficiaries were entitled to distribution of the Trust's assets at its termination in accordance with the percentages listed in Schedule A attached to the 1981 petition.

Regarding the petition to remove trustees, the county court found that throughout the history of the Trust, the trustees had essentially treated the property as being the property of Loyal and, subsequently, the property of Veona. The county court found evidence of numerous transactions "reflective of personal dealing with trust assets." The county court further found that the trustees did not properly account to the beneficiaries in accordance with Neb. Rev. Stat. § 30-2814 (Reissue 1995) and that the trustees had violated the standard of care by failing to deal with trust assets in a manner that would be observed by a prudent person dealing with property of another as set forth in Neb. Rev. Stat. § 30-2813 (Reissue 1995). The county court therefore ordered that Veona and Elena be removed as trustees and ordered that the parties later appear for a hearing on appointment of a successor trustee.

Prior to such hearing, Veona and Elena filed a motion for new trial. They claimed various irregularities and errors of law, including a failure in making findings of fact and conclusions of law as requested by them. They specifically claimed that the decision was unclear regarding (1) whether the Trust terminates upon Veona's death or at some other time and (2) whether there had been distributions from the Trust to Allen and Janene which reduced the distributions to which they were entitled upon termination of the Trust.

A hearing on the motion for new trial was held, and on July 17, 2000, the county court entered an order supplementing and modifying the June 14 order in certain respects but denying the motion for new trial in all other respects. In the July 17 order, the county court modified the June 14 order to find that the Trust would not terminate until the death of Veona and that it would not terminate 25 years after its January 17, 1979, establishment date if Veona were still alive, despite a provision in the trust instrument to that

effect, but, instead, the Trust would be renewed until her death. The county court specified that it made no adjudication of whether advancements had been made to Allen, Janene, or Elena as such question was not at issue in the present proceeding. The county court stated that Allen, Janene, and Elena were entitled as residuary beneficiaries to distributions at the termination of the Trust upon Veona's death, subject to any advancements which might be determined in a future proceeding. The county court granted the parties 30 days to propose a nomination to the court as to a successor trustee or to submit an order upon agreement of the parties as to a successor trustee. Veona and Elena appeal.

## ASSIGNMENTS OF ERROR

Veona and Elena assert that the county court erred in (1) concluding that Allen, Janene, Elena, and the heirs of Loyal were beneficiaries of the Trust; (2) failing to make a finding whether Veona was entitled under her lifetime employment contract with the Trust to be provided housing, transportation, health care, educational allowances, miscellaneous expenses, and consultant fees; (3) failing to find that Janene lacked standing to petition for removal of trustees because she was not a beneficiary of the Trust; (4) removing them as trustees based on findings that they did not properly account to the beneficiaries and that they had violated the standard of care required of a person dealing with the property of another; and (5) overruling their motion for new trial.

## STANDARDS OF REVIEW

Trust administration proceedings and proceedings to remove trustees are brought pursuant to Neb. Rev. Stat. § 30-2806 (Reissue 1995). Appeals of matters arising under the Nebraska Probate Code, Neb. Rev. Stat. §§ 30-2201 through 30-2902 (Reissue 1995, Cum. Supp. 2000 & Supp. 2001), are reviewed for error on the record. *In re Guardianship of Zyla*, 251 Neb. 163, 555 N.W.2d 768 (1996). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *In re Estate of Mecello*, 262 Neb. 493, 633 N.W.2d 892 (2001).

A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an

abuse of discretion. *Suburban Air Freight v. Aust*, 262 Neb. 908, 636 N.W.2d 629 (2001).

## ANALYSIS

*Ascertainment of Beneficiaries.*

Veona and Elena first assert that the county court erred in determining that the beneficiaries of the Trust included Allen, Janene, Elena, and the heirs of Loyal. The county court based its ascertainment of beneficiaries on, inter alia, the list of beneficiaries attached to the 1981 petition to modify and amend, as well as evidence that throughout the history of the Trust, the trustees had treated those listed persons as beneficiaries.

We find no error regarding the county court's ascertainment of beneficiaries. In 1981, all the parties to this case, including Veona and Elena, signed a verified petition to amend and modify the terms of the Trust. In the 1981 petition, the petitioners alleged that the attached schedule accurately listed, inter alia, "the beneficiaries of the Trust." The schedule listed Veona, Allen, Janene, Elena, and Loyal as the beneficiaries of the Trust.

■ Because Veona and Elena verified the petition in 1981, the doctrine of judicial estoppel applies in the present case. The doctrine of judicial estoppel holds that one who has successfully and unequivocally asserted a position in a prior proceeding is estopped from asserting an inconsistent position in a subsequent proceeding. The doctrine protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding. *Vowers & Sons, Inc. v. Strasheim*, 254 Neb. 506, 576 N.W.2d 817 (1998).

In challenging the county court's finding regarding the beneficiaries, Veona and Elena did not and do not claim that Allen, Janene, and Elena were beneficiaries of the Trust who lost their status due to a particular event. Instead, Veona and Elena argue that Allen, Janene, and Elena are not and never were beneficiaries of the Trust. Such a position is inconsistent with the successful, unequivocal assertion in their 1981 petition that the three were beneficiaries of the Trust, and the doctrine of judicial estoppel prevents Veona and Elena from taking a position inconsistent with that which they asserted in the 1981 proceeding.

The evidence supports the county court's finding that throughout the years, all parties acted in a manner consistent with an understanding that Allen, Janene, and Elena were beneficiaries of the Trust. The record in this case supports the county court's ascertainment of beneficiaries. We find no error on the record in this respect, and we therefore reject Veona and Elena's first assignment of error.

*Lifetime Employment Contract.*

Veona and Elena next assert that the county court failed to make findings regarding Veona's rights under the lifetime employment contract. Based in part on the "lifetime employment contract," the county court ordered that Veona was intended to be the lifetime beneficiary and, as such, was entitled to everything she claims to be entitled to under the contract. The county court considered the contract as evidence of the intent of the creator of the Trust and incorporated the contract into its findings regarding the terms of the Trust. Veona and Elena assert only that the county court failed to make a finding on the contract issue. However, because the substance of the contract was incorporated into the county court's findings regarding the terms of the Trust, we find no error on the record. We therefore reject Veona and Elena's second assignment of error.

*Standing to Petition for Removal of Trustees.*

Veona and Elena contend that Janene did not have standing to petition for removal of trustees. Such contention is based on their assertion that Janene is not a beneficiary. As discussed above, the county court found that Janene was among the beneficiaries of the Trust, and we see no error in such finding. Under § 30-2806, "[t]he court has jurisdiction of proceedings initiated by interested parties concerning the internal affairs of trusts," including proceedings to remove a trustee. As a beneficiary of the Trust, Janene clearly is an "interested party" who has standing to initiate such a proceeding. See *Deutsch v. Wolff*, 994 S.W.2d 561 (Mo. 1999) (beneficiaries have standing to bring action for removal of trustee). We therefore reject Veona and Elena's third assignment of error.

*Removal of Trustees.*

Veona and Elena assert on appeal that the county court erred in removing them as trustees based on its findings that they did not properly account to the beneficiaries and that they violated the standard of care by failing to deal with the trust assets in a manner that would be observed by a prudent person dealing with the property of another. Following its evaluation of the evidence not repeated here, the county court found in its order removing the trustees that "throughout the history of this Trust, the trustees have essentially treated this property as being the property of Loyal W. Sheen and his wife and, later, Veona G. Sheen Barnes." The county court also found evidence of "numerous transaction[s] reflective of personal dealing with trust assets." The county court further found that the trustees did not properly account to the beneficiaries in accordance with § 30-2814 and that "the trustees violated the standard of care by failing to deal with the trust assets in a manner that would be observed by a prudent man dealing with property of another as set forth in Neb. Rev. Stat. §30-2813." Such findings formed the basis for the county court's conclusion that the trustees should be removed.

Veona and Elena argue that such findings were in error because, inter alia, the county court applied the wrong standard to their conduct. Veona and Elena note that although § 30-2813 sets forth the standard of care applied by the county court, the statute also reads, "*Except as otherwise provided by the terms of the trust*, the trustee shall observe the standards in dealing with the trust assets that would be observed by a prudent man dealing with the property of another . . . ." (Emphasis supplied.) They claim that the trust instrument in this case sets a different, arguably lower, standard of care for the trustees, which standard they met. The Trust document read as a whole does not support the reading placed on it by Veona and Elena.

The trust documents attached to the 1981 petition, which in accordance with the county court's 1981 order are the controlling documents, provide in part as follows:

> The Trustees, except as herein otherwise specifically provided, shall have as wide latitude in the selection, retention and making of investments *as an individual would have in retaining or investing his own funds,* and without the

necessity of obtaining the written or oral consent of any beneficiary, or other interested individual or entity, or the consent or approval of any court.

(Emphasis supplied.)

Veona and Elena argue that the language quoted above provided a lesser standard of care than that set forth in the statute and gave them much greater discretion in the manner with which they dealt with the property. They argue that the statute contemplates that a different standard may be set forth by the trust document and that the language quoted above "does away with any duty to manage the property as if it was [sic] the property of another person" and gave them "the authority to deal with the property as if it was their own." Supplemental brief for appellants at 5-6. According to Veona and Elena, even if they had treated the property of the Trust as if it were the personal property of Loyal and then Veona, they argue it was not a violation of the standard of care set forth in the trust documents.

Veona and Elena also argue that the county court erred in finding that they did not properly account to the beneficiaries. In this regard, they argue that § 30-2814 provides only that " '[t]he trustee shall keep the beneficiaries of the trust reasonably informed of the trust and its administration . . . .' " Supplemental brief for appellants at 6. See § 30-2814. The statute further provides that " 'unless otherwise provided in the trust instrument,' " the trustees must provide beneficiaries, upon reasonable request, with an annual statement of the accounts of the Trust. *Id.* Veona and Elena argue that notwithstanding portions of § 30-2814, under the trust documents, they were required to keep records only " 'as they deem necessary' " and that audits were "discretionary" and open to inspection only by the trustees. Supplemental brief for appellants at 7. They argue that these provisions of the trust document dispense with the reporting requirements of § 30-2814 and that their only duty was to keep the beneficiaries " 'reasonably informed.' " Supplemental brief for appellants at 7.

We reject Veona and Elena's arguments that the trust documents set a lesser standard of care for the trustees. The section of the trust document on which Veona and Elena rely addresses only how assets are invested. It does not state that in all respects,

the trustees can treat trust property as if it were their own. To the contrary, the trust documents also state, "The Trustees, holding as co-trustees, shall conserve, maintain, manage and improve the trust, investing and reinvesting the funds in such manner as in their best judgement and prudence will most benefit the beneficiaries." We conclude that the trust documents taken as a whole do not negate the fiduciary role of trustees as stewards of another person's property as set forth in § 30-2813.

Proceedings to remove trustees are brought pursuant to § 30-2806, which is part of the Nebraska Probate Code. Appeals of matters arising under the Nebraska Probate Code are reviewed for error on the record. *In re Guardianship of Zyla*, 251 Neb. 163, 555 N.W.2d 768 (1996). With regard to the removal of the trustees, the county court made certain specific factual findings that the trustees had treated Trust property as the personal property of Loyal and Veona and had engaged in numerous instances of personal dealing with trust assets. The evidence in the record not repeated here supports the county court's factual findings in this regard. We find no error on the record related to the county court's factual findings nor any error in its ultimate conclusion, based on such findings, that the trustees should be removed. We therefore reject Veona and Elena's fourth assignment of error.

*Motion for New Trial.*

Finally, Veona and Elena assert the county court erred in denying their motion for new trial. A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of discretion. *Suburban Air Freight v. Aust*, 262 Neb. 908, 636 N.W.2d 629 (2001). The substance of Veona and Elena's new trial motion parallels their assignments of error discussed above. Because we find no error on the record regarding Veona and Elena's assignments of error, we conclude that the county court did not abuse its discretion by denying Veona and Elena's motion for new trial. We, therefore, reject Veona and Elena's fifth assignment of error.

## CONCLUSION

The county court did not err in its ascertainment of beneficiaries nor did it fail to make a finding regarding the effect of the lifetime employment contract between Veona and the Trust. Based on

the county court's correct conclusion that Janene was a beneficiary of the Trust, Janene had standing to bring the proceeding to remove trustees. We find no error on the record in regard to the county court's conclusion that the trustees should be removed, and we conclude that the county court did not abuse its discretion in denying Veona and Elena's motion for new trial. We affirm the decision of the county court.

AFFIRMED.