IN RE TRUST CREATED BY ALFRED DEL CASTILLO
AND LUPE DEL CASTILLO.
ALBERT DEL CASTILLO, APPELLANT, V. PATRICIA A. LOBELLO
AND ROBERT DEL CASTILLO, APPELLEES.

686 N.W.2d 900

Filed October 1, 2004.    No. S-03-310.

Richard N. Berkshire and Matthew R. Deaver, of Berkshire & Blunk, for appellant.

Susan J. Spahn and Christopher S. Wallace, of Fitzgerald, Schorr, Barmettler & Brennan, P.C., L.L.O., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.
## BACKGROUND
Alfred Del Castillo and Lupe Del Castillo executed a trust in June 1996 in California. After each had passed away, Albert Del

Castillo, a son of Alfred and Lupe, became the successor trustee of the trust. On October 18, 2001, Albert filed a petition in the Douglas County Court seeking to register the trust and initiate administration proceedings. On January 11, 2002, the court entered an order registering the trust in Nebraska.

A few weeks later, a motion was filed by Robert Del Castillo, another son of Alfred and Lupe, and Patricia A. Lobello to vacate the January 11, 2002, order. The motion asserted that registration of the trust in Nebraska was improper because of court proceedings held in California concerning the trust. Those proceedings are discussed in greater detail below. On February 5, the county court denied the motion to vacate, and Lobello and Robert filed an appeal. The Nebraska Court of Appeals vacated the January 11 and February 5 orders because of the county court's failure to record the evidentiary hearings and remanded the cause for a new hearing. *In re Trust of Del Castillo*, 11 Neb. App. xxxv (No. A-02-156, Aug. 7, 2002).

On February 4, 2003, a new hearing was held at which various orders from the Superior Court of San Bernardino County, California, were received into evidence. They included an order entered by the superior court on August 28, 2001, in the conservatorship proceeding of Robert. In that order, the court specifically found that it "has jurisdiction over the Del Castillo Family Trust and the parties to the trust." The court further ordered Albert to prepare an accounting of the trust. Albert did not appeal this order. Other superior court orders received into evidence indicate that on November 21, 2001, Albert's powers as successor trustee of the trust were suspended pending an investigation "of the charges made against him." Lobello was appointed as special trustee in Albert's place. In January 2002, the superior court removed Albert as trustee after finding that he had "breached every conceivable duty of a Trustee." Albert appealed from his removal, but the California Court of Appeal later affirmed. See *In re Estate of Del Castillo*, No. E030988, 2004 WL 100548 (Cal. App. Jan. 22, 2004) (unpublished opinion).

Based on the superior court's orders in evidence, on February 19, 2003, the county court found that California had acquired jurisdiction over the trust and that the registration of the trust in Nebraska was not the most convenient forum for the parties.

Thus, the court denied registration of the trust in Nebraska and dismissed the petition. Albert appeals.

## ASSIGNMENTS OF ERROR

Albert assigns that the county court erred in concluding that California had acquired jurisdiction over the trust and in failing to register the trust in Nebraska.

## STANDARD OF REVIEW

Appeals of matters arising under the Nebraska Probate Code, Neb. Rev. Stat. §§ 30-2201 through 30-2902 (Reissue 1995 & Cum. Supp. 2002), are reviewed for error on the record. *In re Loyal W. Sheen Family Trust*, 263 Neb. 477, 640 N.W.2d 653 (2002). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

## ANALYSIS

The appellees, Robert and Lobello, argue that Albert no longer has standing to register the trust in Nebraska. We agree. In order to have standing to invoke a tribunal's jurisdiction, one must have some legal or equitable right, title, or interest in the subject of the controversy. *Chambers v. Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002). Either a litigant or a court before which a case is pending can raise the question of standing at any time during the proceeding. *Governor's Policy Research Office v. KN Energy*, 264 Neb. 924, 652 N.W.2d 865 (2002). Section 30-2801 grants standing to register a trust in Nebraska to *the trustee* of a trust having its principal place of administration in Nebraska. The Superior Court of San Bernardino County removed Albert as trustee in January 2002, an action later affirmed by the California Court of Appeal. Because Albert is no longer the trustee of the trust, he simply no longer has standing to register the trust in Nebraska. Thus, the county court's order denying registration of the trust in Nebraska and dismissing Albert's petition is affirmed.

While this case was on the Court of Appeals' docket, prior to its movement to our docket, Robert and Lobello filed a motion for attorney fees under Neb. Rev. Stat. § 25-824(2) and (4)

(Reissue 1995). The motion was not accompanied by a support-
ing affidavit, as required by Neb. Ct. R. of Prac. 9F (rev. 2001)
and is, therefore, overruled without prejudice.

AFFIRMED.