IN RE TRUST OF MONROE D. ROSENBERG, DECEASED.
MARILYN J. TIPP, APPELLANT AND CROSS-APPELLEE,
V. WILLIAM L. REINBRECHT, SUCCESSOR TRUSTEE
AND PERSONAL REPRESENTATIVE, APPELLEE AND
CROSS-APPELLEE, AND MAYNARD ROSENBERG,
APPELLEE AND CROSS-APPELLANT.
693 N.W.2d 500

Filed February 18, 2005. Nos. S-03-563, S-03-612.

Jerry W. Katskee, of Katskee, Henatsch & Suing, for appellant.

Howard N. Epstein, of Liakos, Epstein & Matukewicz, L.L.P., for appellee Maynard Rosenberg.

William L. Reinbrecht, of Car & Reinbrecht, P.C., L.L.O., pro se.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.
## NATURE OF CASE
These consolidated cases present issues related to the administration of the Monroe D. Rosenberg Trust Agreement. We conclude that we do not have jurisdiction over one of the issues presented on appeal. We further conclude that the county court's failure to hold an evidentiary hearing requires us to vacate, and remand for such a hearing.

## BACKGROUND
In 1984, Monroe D. Rosenberg executed the primary instruments of his estate plan: a last will and testament and a trust agreement. Monroe's will made no provision for his wife or his three children from a prior marriage: Marilyn J. Tipp, Maynard

Rosenberg, and Howard Rosenberg. Instead, Monroe devised his estate to the trustee of his trust. Article VI of the trust created by Monroe provided that upon his death:

> [T]he Trustee shall transfer the trust estate as then constituted (including but not limited to any insurance proceeds, death benefits, or property receivable by the Trustee by reason of the Grantor's death and any property receivable by the Trustee pursuant to the will of the Grantor) into a separate trust, to be known as the "Family Trust" . . . .

The trust further provided that the assets of the family trust be divided equally between Monroe's living children. The trust's stated objective was to ensure that "the Grantor's issue will enjoy the benefits of and ultimately receive a substantial portion of the Grantor's estate." The trust named Tipp as successor trustee.

Monroe died on December 15, 2001. He was survived by his wife, Tipp, Maynard, and Howard. Monroe and his wife had previously entered into a prenuptial agreement, and she is not making a claim against the estate.

On April 22, 2002, Maynard initiated a proceeding in the county court under Neb. Rev. Stat. § 30-2806 (Reissue 1995). Maynard sought to remove Tipp as the trustee and also raised issues with respect to Tipp's administration of the trust. After a hearing, the county court removed Tipp as trustee on December 31, 2002, replaced her with William L. Reinbrecht, and ordered Reinbrecht to file an accounting within 90 days. Tipp did not appeal from this order.

In the months that followed, several items were filed with the court, as described in greater detail below, culminating with orders entered on May 1, 2003. As relevant to the assignments of error on appeal and cross-appeal, the court (1) did not surcharge Tipp for her management of a duplex, (2) ordered Tipp to return $10,000 to the trust stemming from a payment Monroe made to his wife, and (3) ordered Tipp to return to the trust the following assets owned by Monroe prior to his death: MetLife insurance policy proceeds, U.S. Bank account proceeds, First Federal Lincoln account proceeds, Nebraska State Bank account proceeds, Omaha Public Power District (OPPD) bonds, and U.S. Treasury notes. The court also ordered that trust funds be used to pay Tipp's attorney fees and costs as well as Reinbrecht's fees

and costs. Tipp filed her appeals to these orders on May 13 and 28, 2003.

## ASSIGNMENTS OF ERROR

Tipp assigns that the county court erred in (1) removing her as trustee and replacing her with Reinbrecht; (2) ordering her to reimburse the trust $10,000, stemming from a payment made by Monroe to his wife; (3) ordering Tipp to pay to the trust the following assets: MetLife insurance policy proceeds, U.S. Bank account proceeds, First Federal Lincoln account proceeds, Nebraska State Bank account proceeds, OPPD bonds, and U.S. Treasury notes; and (4) approving the statement for services of Reinbrecht in the amount of $11,355.12.

On cross-appeal, Maynard assigns that the court erred in (1) failing to order that his attorney fees be paid from the trust, (2) awarding Tipp attorney fees from the trust, and (3) failing to surcharge Tipp for her management of the duplex.

## STANDARD OF REVIEW

In the absence of an equity question, an appellate court, reviewing probate matters, examines for error appearing on the record made in the county court. *In re Trust Created by Martin*, 266 Neb. 353, 664 N.W.2d 923 (2003). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *In re Loyal W. Sheen Family Trust*, 263 Neb. 477, 640 N.W.2d 653 (2002).

## ANALYSIS

### REMOVAL OF TRUSTEE

In her first assignment of error, Tipp argues that the district court erred in removing her as trustee. The court did so by an order entered on December 31, 2002, in which the court also appointed Reinbrecht to be the successor trustee and ordered him to file an accounting within 90 days.

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Blue Cross and Blue Shield v. Dailey*, 268 Neb. 733, 687 N.W.2d 689 (2004). Maynard argues

that the court's December 31, 2002, order was a final order and that because Tipp did not file an appeal within 30 days of that order, we do not have jurisdiction over this issue. See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2002).

The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. *Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004); Neb. Rev. Stat. § 25-1902 (Reissue 1995). The district court's December 31, 2002, order did not determine the action and prevent a judgment, nor was it made on summary application in an action after judgment was rendered. Thus, we consider whether it was made during a special proceeding and affected a substantial right.

Nebraska law grants courts jurisdiction over subject matter relating to trusts. Prior to January 1, 2005, the operative date of the Nebraska Uniform Trust Code (NUTC), Neb. Rev. Stat. § 30-3801 et seq. (Cum. Supp. 2004), jurisdiction was granted to courts pursuant to § 30-2806 (repealed by 2003 Neb. Laws, L.B. 130), and expressly included jurisdiction over proceedings to remove a trustee. See § 30-2806(1). However, while this appeal was pending, the NUTC became operative. Now, the county court's jurisdiction over matters relating to trusts is codified at § 30-3814. In addition, the provisions dealing with removal of a trustee are codified at § 30-3862.

Section 30-38,110(a)(3) provides that the NUTC

applies to judicial proceedings concerning trusts commenced before January 1, 2005, unless the court finds that application of a particular provision of the code would substantially interfere with the effective conduct of the judicial proceedings or prejudice the rights of the parties, in which case the particular provision of the code does not apply and the superseded law applies[.]

Thus, we are required to apply the NUTC in this case, absent "[substantial] interfere[nce] with the effective conduct of the judicial proceedings or prejudice [to] the rights of the parties." As

noted above, jurisdiction over proceedings to remove a trustee has been shifted from § 30-2806 to §§ 30-3814 and 30-3862. We find no prejudice to the parties in applying the NUTC in this case.

 Special proceedings entail civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes. *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001). We have also stated that for purposes of § 25-1902, a special proceeding includes every special statutory remedy which is not in itself an action. *Mumin v. Dees*, 266 Neb. 201, 663 N.W.2d 125 (2003).

In *In re Estate of Snover*, 233 Neb. 198, 201-02, 443 N.W.2d 894, 897 (1989), this court stated:

> Any proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong involving and requiring the pleadings, process, and procedure provided by the code and ending in a final judgment is an action. Every other legal proceeding by which a remedy is sought by original application to a court is a special proceeding.

Under these rules, we conclude that a proceeding initiated pursuant to §§ 30-3814 and 30-3862 of the NUTC to remove a trustee is a special proceeding within the meaning of § 25-1902.

We also conclude that the removal of a trustee under §§ 30-3814 and 30-3862 affects a substantial right. Maynard analogizes the present case to the removal of a personal representative. We have held that a proceeding under Neb. Rev. Stat. § 30-2454 (Reissue 1995) to remove a personal representative for cause is a special proceeding within the meaning of § 25-1902 and therefore is a final order and is appealable, even though it may not terminate the action or constitute a final disposition of the case. See *In re Estate of Seidler*, 241 Neb. 402, 490 N.W.2d 453 (1992). In *In re Estate of Snover*, we concluded that "[g]iven the scope of the personal representative's power over the interests of the beneficiaries and other interested parties in an estate, the right conferred by § 30-2454 to petition the county court to remove the personal representative for cause is a substantial right." 233 Neb. at 203, 443 N.W.2d at 898. The same can be said of proceedings to remove a trustee. Therefore, we conclude that the district court's December 31, 2002, order removing Tipp as trustee was a

final order. Tipp's failure to appeal from that order within 30 days precludes us from considering her first assignment of error.

### REMAINING ASSIGNMENTS OF ERROR

Each of the remaining assignments of error on appeal and cross-appeal arose from the district court's May 1, 2003, orders. A recitation of the events leading up to May 1 is warranted.

After Reinbrecht assumed the duties of trustee, he filed several items with the court. On March 13, 2003, he filed an inventory of assets that Monroe owned at his death. On April 7, Reinbrecht filed a "Petition for Instruction and Application for Review of Fees," in which Reinbrecht requested "guidance" from the court regarding several issues, including whether various assets Tipp acquired at Monroe's death should be returned to the trust pursuant to article VI of the trust agreement. Those assets included: proceeds from a MetLife insurance policy, which named Tipp as the beneficiary; proceeds in a U.S. Bank account, which was held in the names of Monroe, his wife, and Tipp; proceeds from the First Federal Lincoln account and from a Nebraska State Bank account, both of which named Tipp as the payable-on-death beneficiary; OPPD bonds, and U.S. Treasury notes held jointly by Monroe and Tipp. Also on April 7, Reinbrecht filed an application for approval of his own fees and costs in the amount of $11,355.12. Finally, also on April 7, Reinbrecht filed a report in which he made numerous recommendations to the court. Those recommendations addressed many of the issues raised by Reinbrecht in his April 7 "petition for instruction."

Tipp filed a resistance to Reinbrecht's report in which she took exception to Reinbrecht's recommendations. Thereafter, on April 22, 2003, Maynard and Howard filed their own "application for instruction" in which they posed several questions to the court, sought answers, and made arguments. Tipp filed a resistance, arguing against Maynard and Howard's positions.

In light of all the items filed, the parties got together in court on April 28, 2003. No witnesses testified, and only one exhibit was offered and received into evidence: a one-page list, in Monroe's handwriting, of various bank account numbers and life insurance policy numbers. Instead, the parties' attorneys presented brief arguments, and the court announced its findings after

having "reviewed all the filings." Those findings were reduced to the written orders entered on May 1, 2003.

The court's failure to hold a formal evidentiary hearing prior to entering its May 1, 2003, orders is of great concern to us, as it was to us in *In re Guardianship & Conservatorship of Trobough*, 267 Neb. 661, 676 N.W.2d 364 (2004). In that case, the Douglas County Court entered orders in a conservatorship proceeding after engaging in discussions with the parties, but without receiving any *evidence* on which to base those orders. Such is the situation here. The court and parties assembled for arguments but examined no witnesses and received only one exhibit into evidence. As stated above, in the absence of an equity question, an appellate court, reviewing probate matters, examines for error appearing on the record made in the county court. *In re Trust Created by Martin*, 266 Neb. 353, 664 N.W.2d 923 (2003). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *In re Loyal W. Sheen Family Trust*, 263 Neb. 477, 640 N.W.2d 653 (2002). The district court's May 1, 2003, orders are not supported by competent evidence. We vacate, and remand to the county court with directions to hold an evidentiary hearing.

VACATED AND REMANDED WITH DIRECTIONS.

WRIGHT, J., participating on briefs.