783 N.W.2d 800 (2010)
18 Neb. App. 471
In re Trust Created by Joe W. & Eva E. SOCHA.
Robert Socha, appellee,
v.
Larry E. Socha and Bonita Carraher, Successor Cotrustees, appellants.
No. A-09-616.
Court of Appeals of Nebraska.
June 29, 2010.
*801 Michael D. Kozlik, of Harris Kuhn Law Firm, L.L.P., for appellants.
Robert F. Peterson, Omaha, and Kathleen M. Foster, of Laughlin, Peterson & Lang, for appellee.
INBODY, Chief Judge, and IRWIN and CASSEL, Judges.
IRWIN, Judge.

I. INTRODUCTION
Larry E. Socha and Bonita Carraher (collectively Appellants), successor cotrustees of the Joe W. and Eva E. Socha Living Revocable Trust, appeal an order of the county court for Greeley County, Nebraska, removing them as cotrustees and appointing a new successor trustee. On appeal, Appellants have asserted a variety of errors which, together, challenge the sufficiency of the evidence to support the court's removal of them as cotrustees. We find the evidence sufficient and affirm.

II. BACKGROUND
Appellants, as well as Robert Socha, are among the children of Joe W. Socha and Eva E. Socha. Joe and Eva created a living revocable trust, and Appellants, as well as Robert, were among the beneficiaries. Joe passed away in 2005, and Eva acted as trustee after Joe's passing. Eva passed away in 2007, and Appellants were named successor cotrustees by the trust.
On September 25, 2008, Robert filed a petition for a trust administration proceeding in the county court. In the petition, Robert alleged that he was an interested party because he is a beneficiary of the trust. Robert alleged that Appellants had failed to provide the beneficiaries with relevant information relating to administration of the trust and had failed to provide a statement of the accounts, despite reasonable requests. Robert requested that the court remove Appellants as successor cotrustees and replace them with a trustee to wind up and close the trust.
On April 2, 2009, an evidentiary hearing was held. During that hearing, the court heard testimony on behalf of the parties and received a variety of exhibits. On May 26, the court entered an order. The court found that Appellants had failed to act in the best interests of the trust by failing to close it and distribute its assets to the beneficiaries. The court also found that the evidence presented at the hearing indicated that Appellants did not intend to distribute the assets of the trust in the foreseeable future. The court removed Appellants as cotrustees and appointed a new trustee. This appeal followed.

III. ASSIGNMENTS OF ERROR
Appellants have asserted numerous errors, several with multiple subparts, that *802 we consolidate for discussion to two. First, Appellants assert that Robert lacked standing to bring this action. Second, Appellants assert that the county court erred in finding sufficient evidence and grounds for removing them as successor cotrustees.

IV. ANALYSIS

1. STANDARD OF REVIEW
The first issue apparent in this case is the appropriate standard of review. The existing authority in this jurisdiction appears to present conflicting guidance on the appropriate standard for reviewing determinations to remove trustees and appoint successor trustees.
In In re Loyal W. Sheen Family Trust, 263 Neb. 477, 640 N.W.2d 653 (2002), the Nebraska Supreme Court was presented with a challenge to the removal of trustees. The court indicated that at that time, trust administration proceedings were brought pursuant to the Nebraska Probate Code, and that appeals of matters arising under the probate code are reviewed for error on the record. In discussing the trustee removal issue, the court concluded that the evidence supported the county court's factual findings and found that there was no error on the record.
Effective in 2003, Nebraska adopted the Nebraska Uniform Trust Code. See Neb. Rev.Stat. §§ 30-3801 through 30-38, 110 (Reissue 2008). The Nebraska Uniform Trust Code specifically provides that appellate review continues to be governed by the Nebraska Probate Code. § 30-3821.
In In re Trust of Rosenberg, 273 Neb. 59, 727 N.W.2d 430 (2007), the Nebraska Supreme Court was again presented with a challenge to the denial of a request for removal of a trustee. This time, the court indicated that appeals involving the administration of a trust are equity matters and are reviewable in an appellate court de novo on the record, while also recognizing that in the absence of an equity question, an appellate court reviews probate matters for error on the record. In discussing the lower court's failure to remove a successor trustee and appoint a disinterested successor, the court applied the Nebraska Uniform Trust Code. The court concluded that there was competent evidence to support the lower court's denial of the request for removal, consistent with an application of the error on the record standard of review.
In In re Charles C. Wells Revocable Trust, 15 Neb.App. 624, 734 N.W.2d 323 (2007), this court was presented with a challenge to the removal of a cotrustee. This court cited In re Trust of Rosenberg, supra, in setting forth both the de novo and the error on the record standards of review. In discussing the trustee removal issue, this court applied the Nebraska Uniform Trust Code. This court concluded that there was competent evidence to support the lower court's removal of the cotrustee, consistent with application of the error on the record standard of review.
In Sherman v. Sherman, 16 Neb.App. 766, 751 N.W.2d 168 (2008), this court was presented with a challenge to the removal of trustees. This court cited In re Loyal W. Sheen Family Trust, supra, in setting forth the error on the record standard of review. In discussing the trustee removal issue, this court found that there had been a variety of serious breaches of the trustees' duties and that removal was appropriate. This court did not specifically mention the error on the record standard of review in the discussion.
This line of cases indicates that on the one hand, trust administration proceedings are considered equitable matters and are to be reviewed de novo on the record. See In re Trust of Rosenberg, supra. Trust administration proceedings are brought before the appellate court pursuant to the Nebraska Probate Code. See § 30-3821. *803 Appeals brought pursuant to the Nebraska Probate Code are, in the absence of equity questions, reviewed for error appearing on the record. See In re Trust of Rosenberg, supra. As a result, we seem to be left with the paradoxical result that an appeal challenging the removal of a trustee and the appointment of a successor is an equitable matter reviewed de novo, but, in the absence of an equitable question, is to be reviewed for error on the record. A review of the prior authority indicates consistent application of the error on the record standard of review, the equitable nature of the trust administration proceeding notwithstanding.
We conclude that we need not specifically resolve the question of which standard of review is correct in the present case. The record presented in this case demonstrates that the lower court's removal of the successor cotrustees was correct regardless of whether we review the decision de novo on the record or review the decision for error on the record.

2. STANDING
Appellants assert that Robert lacked standing to bring this action seeking removal. Appellants' argument in this regard seems to be that because Appellants have not completed the administration of the trust and closed the trust, the beneficiaries do not have a present right to bring an action seeking to have the trust closed and seeking to remove Appellants. Section 30-3862(a) specifically provides that "a beneficiary may request the court to remove a trustee." Robert is a beneficiary. This assignment of error is meritless.

3. REMOVAL
The primary assertion of error by Appellants is that the court erred in removing them as trustees. Ultimately, we conclude that the evidence in the record is conflicting and that the ultimate decision on removal rested on credibility determinations we cannot appropriately overturn on appeal. There was competent evidence to support the lower court's decision to remove Appellants, and even on a de novo review, the decision should be affirmed.
Section 30-3862 provides that a court may remove a trustee if, among other reasons, the trustee has committed a serious breach of trust or if because of unfitness, unwillingness, or persistent failure to administer the trust effectively, the court finds that removal of the trustee best serves the interests of the beneficiaries. Both of these grounds for removal were discussed by this court in In re Charles C. Wells Revocable Trust, 15 Neb.App. 624, 734 N.W.2d 323 (2007). In that case, we noted that removal on the basis of a serious breach of trust could be supported by evidence of either a single act that causes significant harm or involves flagrant misconduct or a series of smaller breaches which, when considered together, justify removal.
In this case, Appellants are in the unusual position of being both cotrustees and cobeneficiaries, as was the appellant in In re Charles C. Wells Revocable Trust. A review of the record in this case reveals that there is a great deal of discord in this family, which discord has been magnified by the administration of the trust. The evidence and testimony are in conflict concerning the actions and motives of Appellants and the other beneficiaries of the trust.
There is no dispute that Appellants had not closed the trust or distributed the remaining assets of the trust when this action was filed. Appellants asserted that they had not done so because they desired to keep the trust open for a period of 3 years to pass after the death of the settlor to ensure that no other legal claims could be filed against the estate for which claims *804 the trust could be liable. However, there was evidence presented that there were no outstanding claims and that nobody had any reason to believe that there could be some unknown claim brought at a later time. Meanwhile, Appellants were receiving distributions from the trust to pay for their own administration expenses and were apparently hiring family members to perform other services related to the trust, such as housekeeping, resulting in further distributions of trust assets to specific members of Appellants' families. There was also evidence adduced that some of the assets of the trust had been sold and purchased by Appellants. There is conflicting evidence about Appellants' actions and motives concerning prior distributions of the trust assets and future plans for distribution of the trust assets, and this conflicting evidence would support a finding of impropriety by Appellants.
In addition to evidence that disbursements of trust assets had, at the time of trial, been made to Appellants and family members of Appellants in the form of trust administration fees and payment for other services to the trust, but had not been made to the beneficiaries as a whole, there was also a dispute concerning Appellants' compliance with requests for documents concerning the administration of the trust. Although Appellants alleged that they had provided all requested documentation, both Robert and one other beneficiary testified that documents and financial records had been requested but never provided, and a number of exhibits used at trial had been disclosed or prepared the very day of trial. In short, although there is conflicting evidence in this regard, there is competent evidence to support a finding that Appellants did not cooperate with the beneficiaries in providing requested documents and financial records concerning Appellants' administration of the trust, and the ultimate conclusion rests on credibility determinations that under a de novo review justify some deference to the initial finder of fact.
Finally, there was also testimony in the record that one of Appellants had told another beneficiary that he could tie the trust up for a lengthy period of time, that he could "`bleed'" all the beneficiaries, and that he did not believe the settlors really wanted some of the named beneficiaries to receive anything from the trust. Appellants denied making these statements. Again, there is competent evidence to support a finding of impropriety by Appellants, and the ultimate conclusion depends largely on credibility matters.
There is competent evidence which supports a finding that Appellants have failed to close the trust and distribute assets to beneficiaries other than themselves and their family members. There is competent evidence which supports a finding that Appellants had plans to keep the trust open for a period of 3 years despite nothing to indicate any outstanding claims. There is competent evidence which supports a finding that Appellants failed to produce documents and financial records concerning administration of the trust at the request of beneficiaries. There is competent evidence which supports a finding that Appellants threatened to "tie up" the trust and "`bleed'" the assets of the trust to prevent some beneficiaries from receiving any assets. With respect to each of these matters, the record includes some disputed testimony and credibility questions. Whether we review the matter for errors appearing on the record or we review the matter de novo on the record, we find that the district court's decision to remove Appellants as trustees was not reversible error under § 30-3862.

4. ATTORNEY FEES
Robert asserts in his brief on appeal that he is entitled to attorney fees related to this appeal because the appeal was frivolous, vexatiously taken, or interposed *805 solely for delay or harassment. See Neb.Rev.Stat. §§ 25-824(4) and 30-1601(6) (Reissue 2008). Although we find no merit to Appellants' assertions on appeal, the existence of controverted testimony and the lack of clarity concerning the appropriate standard of review lead us to conclude that we cannot find that this appeal was frivolous, vexatious, or brought solely for delay or harassment. We find no merit to Robert's assertion that he is entitled to attorney fees.

V. CONCLUSION
We find no merit to Appellants' assertions of error on appeal. We also find no merit to Robert's assertion that he is entitled to attorney fees. We affirm.
AFFIRMED.