745 N.W.2d 342 (2008)
16 Neb. App. 373
David L. FREDERICK and Carol Frederick, husband and wife, and Douglas E. Merz, individually and on behalf of all former and current stockholders of Salem Grain Co., Inc. A Nebraska Corporation, appellees,
v.
John SEEBA and Rita Seeba, husband and wife, doing business as J & R Trailers and R.J.'s Mobile Power Washing, appellants.
No. A-06-272.
Court of Appeals of Nebraska.
February 5, 2008.
*345 John M. Guthery and Shawn P. Dontigney, of Perry, Guthery, Haase & Gessford, P.C., L.L.O., Lincoln, for appellants.
J.L. Spray, and Robin L. Spady, of Mattson, Ricketts, Davies, Stewart & Calkins, Lincoln, for appellees.
INBODY, Chief Judge, and CARLSON and CASSEL, Judges.
INBODY, Chief Judge.

INTRODUCTION
John Seeba and Rita Seeba appeal from the Richardson County District Court's award of $11,732.75 in attorney fees and expenses for discovery violations pursuant to Neb. Ct. R. of Discovery 37(a)(4) (rev. 2000). For the reasons set forth herein, we dismiss this case for lack of jurisdiction.

STATEMENT OF FACTS
The instant case involves a shareholder derivative action brought against the Seebas by the appellees, David L. Frederick, Carol Frederick, and Douglas E. Merz, individually and on behalf of all former and current stockholders of Salem Grain Company, Inc. On February 18, 2005, the appellees filed a motion to compel which was granted by the district court on March 23, except for those claims withdrawn from the court's consideration by the appellees.
The appellees filed a second motion to compel on October 12, 2005. A hearing thereon was held on November 29, at which time the appellees informed the court that the Seebas had complied with one request listed in the motion to compel and thus were withdrawing that request. On December 13, the district court again compelled the Seebas to comply with the discovery requests, except for one request which was overruled.
At the November 29, 2005, hearing, appellees made a motion for attorney fees and sanctions against the Seebas. A hearing thereon was held on January 24, 2006. On February 14, the district court entered a money judgment for $11,732.75 on behalf of the appellees and against the Seebas jointly and severally for attorney fees and expenses in accordance with Nebraska's discovery rule 37(a)(4). The Seebas have appealed.

ASSIGNMENT OF ERROR
On appeal, the Seebas contend, restated, that the district court erred in sanctioning them $11,732.75 in attorney fees and expenses for discovery violations.

STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. Hallie Mgmt. Co. v. Perry, 272 Neb. 81, 718 N.W.2d 531 (2006); State of Florida v. Countrywide Truck Ins. Agency, 270 Neb. 454, 703 N.W.2d 905 (2005).

ANALYSIS
Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it *346 has jurisdiction over the matter before it. In re Guardianship of Sophia M., 271 Neb. 133, 710 N.W.2d 312 (2006).

Final Order Under § 25-1902.
The test of finality of an order of judgment for the purpose of appeal is whether there was a final order entered by the tribunal from which the appeal is taken. See Williams v. Baird, 273 Neb. 977, 735 N.W.2d 383 (2007). The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. In re Guardianship of Sophia M., supra. See, Neb.Rev. Stat. § 25-1902 (Reissue 1995); Williams v. Baird, supra.
We note that the district court's February 14, 2006, order was not an order which determined the action and prevented a judgment and was not an order made on summary application in an action after judgment had been rendered. The Seebas concede as much in their brief. Therefore, we focus our discussion on whether the district court's order is an order affecting a substantial right made during a special proceeding.
A "substantial right" is "an essential legal right, not a mere technical right. A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which an appeal is taken." In re Guardianship of Sophia M., 271 Neb. at 138, 710 N.W.2d at 316.
In Cunningham v. Hamilton County, 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999), the U.S. Supreme Court considered whether an order imposing sanctions based on Fed.R.Civ.P. 37(a) against an attorney in the amount of $1,494, representing costs and fees for discovery violations, was a "final decision" for the purposes of appeal. The Court held that it was not and noted that a Fed.R.Civ.P. 37(a) sanctions order is often intertwined with the merits of the action, which may require a reviewing court to inquire into the importance of the information sought or the adequacy of truthfulness of a response in order to evaluate the appropriateness of sanctions.
Further, the U.S. Supreme Court noted that to permit an immediate appeal from a sanctions order would undermine the very purposes of Fed.R.Civ.P. 37(a), which was designed to protect courts and opposing parties from delaying or harassing tactics during the discovery process, because such appeals "would undermine trial judges' discretions to structure a sanction in the post effective manner." 527 U.S. at 209, 119 S.Ct. 1915. Immediate appeals of sanctions might cause trial judges not to sanction attorneys in order to avoid litigation delays. Further, each new sanction would give rise to a new appeal, forestalling resolution of the case. The court noted that delay and piecemeal appeals were the very types of results that the final judgment rule was designed to prevent.
In the instant case, the district court's order entered a money judgment for $11,732.75 in favor of appellees. Such an order does not affect the subject matter of the litigation, such as diminishing a claim or defense available to the party or in any way affect the ability to advance or defend the lawsuit. Further, the filing of a direct appeal is sufficient to protect their interests. Thus, an order imposing a money judgment for attorney fees and expenses for discovery violations pursuant to *347 Nebraska's discovery rule 37(a)(4) does not affect a "substantial right" as required by § 29-1902. Consequently, the order appealed from in this case is not a final order.

Collateral Order Doctrine.
Although the Seebas contend that the collateral order doctrine is not applicable in this case, an appellate court has the independent duty to determine whether or not jurisdiction over an appeal exists. See Hallie Mgmt. Co. v. Perry, 272 Neb. 81, 718 N.W.2d 531 (2006). Thus, we consider whether the collateral order doctrine is applicable to the instant case.
Generally, in the absence of a final order from which an appeal may be taken, the appeal must be dismissed for lack of jurisdiction. Id. However, there is an exception to this rule which provides for appellate review of interlocutory orders that fall within "`that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" Id. at 85, 718 N.W.2d at 534 (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). The Nebraska Supreme Court has also noted that the U.S. Supreme Court has emphasized the modest scope of the collateral order doctrine, explaining that
"`the "narrow" exception should stay that way and never be allowed to swallow the general rule ... that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated.'"
Williams v. Baird, 273 Neb. 977, 983-84, 735 N.W.2d 383, 390 (2007) (quoting Hallie Mgmt. Co. v. Perry, supra). Accord State v. Pratt, 273 Neb. 817, 733 N.W.2d 868 (2007).
The Nebraska Supreme Court has stated:
The U.S. Supreme Court has set forth three elements that must be met for an order to fall within the collateral order doctrine: "[T]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment."
Hallie Mgmt. Co. v. Perry, 272 Neb. at 85-86, 718 N.W.2d at 535 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).
In Hallie Mgmt. Co. v. Perry, supra, the Nebraska Supreme Court considered whether the collateral order doctrine applied to a discovery order compelling disclosure of documents claimed to be protected by the attorney-client privilege and work product doctrine. The court held that the collateral order doctrine was not applicable because the appellant could not establish that the district court's order was effectively unreviewable upon final judgment. Although the court acknowledged that harm that may occur in delaying an occasional erroneous discovery order, such harm was outweighed by the delay and disruption that would occur in the litigation process If interlocutory appeals were allowed from every discovery order which claimed to implicate privilege.
In the instant case, the Seebas cannot meet the third condition of the collateral order doctrine, i.e., that the order is effectively unreviewable upon final judgment. Once a final determination of the merits of the case has been decided, the Seebas can appeal the imposition of *348 attorney fees and expenses at that time, and if the appellate court determines that an error was made, the remedies available to the Seebas after appeal from a final judgment are sufficient to adequately protect their interests. Therefore, this appeal is not reviewable under the collateral order doctrine.

CONCLUSION
Having found that no final order exists in the instant case and the appeal is not reviewable under the collateral order doctrine, we lack jurisdiction over this appeal. Thus, the appeal is dismissed.
APPEAL DISMISSED.