IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)


ELLENBERGER V. CHARLES VRANA & SONS CONSTR.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


DONALD ELLENBERGER, APPELLEE, AND ROLF EDWARD SHASTEEN, APPELLANT,

V.

CHARLES VRANA & SONS CONSTRUCTION, INC., AND
TRAVELERS INDEMNITY COMPANY, INC., APPELLEES.


Filed March 29, 2016.    No. A-15-837.


Appeal from the Workers' Compensation Court: JULIE A. MARTIN, Judge. Appeal dismissed.

Rolf Edward Shasteen, of Shasteen & Morris, P.C., L.L.O., pro se.

No appearance for appellees.


MOORE, Chief Judge, and IRWIN and BISHOP, Judges.

BISHOP, Judge.

Attorney Rolf Edward Shasteen appeals from an order of the Nebraska Workers' Compensation Court ordering him pursuant to Neb. Rev. Stat. § 48-178 (Cum. Supp. 2014) to bear the costs of a court reporter at the hearing on Shasteen's "Motion to Withdraw and to Establish an Attorney's Lien." Shasteen argues the compensation court exceeded its authority when it assessed the costs against him. Because we determine the order Shasteen challenges is not a final order, we dismiss the appeal for lack of jurisdiction.

### BACKGROUND

Shasteen represented Donald Ellenberger in this workers' compensation action against Charles Vrana & Sons Construction, Inc. (Vrana), and its insurer, Travelers Indemnity Company, Inc. (Travelers). On July 22, 2015, while Ellenberger's workers' compensation claim remained

- 1 -

pending, Shasteen filed a motion to withdraw as attorney for Ellenberger and establish an attorney's lien pursuant to Neb. Rev. Stat. § 48-108 (Reissue 2010). The basis for Shasteen's motion was that the attorney-client relationship between him and Ellenberger broke down after Ellenberger was "not pleased" with a low settlement offer; apparently, Ellenberger had stopped communicating with Shasteen. In his motion, Shasteen noted he had incurred $60.05 in costs representing Ellenberger.

A hearing on Shasteen's motion took place on August 12, 2015. Counsel for Vrana and Travelers furnished a court reporter for the hearing, and at the hearing, defendants' counsel asked the court to assess the costs of the court reporter against "plaintiff" pursuant to § 48-178.

On August 25, 2015, the compensation court entered an order granting Shasteen leave to withdraw, awarding Shasteen an attorney's lien in the amount of $60.05 in costs, and reserving ruling on the remainder of Shasteen's request for a lien. The court reasoned Shasteen was entitled to reasonable attorney fees, but that the amount of fees would need to be determined after an award was entered or a settlement reached on Ellenberger's workers' compensation claim. The court also ordered Shasteen personally to bear the costs of the court reporter at the August 12 hearing. Shasteen appealed to this court.

## ASSIGNMENT OF ERROR

Shasteen assigns that the Workers' Compensation Court exceeded its authority in assessing against him the costs of the court reporter for the hearing on his motion to withdraw and establish an attorney's lien.

## STANDARD OF REVIEW

A jurisdictional issue that does not involve a factual dispute presents a question of law. *In re Interest of Octavio B. et al.*, 290 Neb. 589, 861 N.W.2d 415 (2015).

## ANALYSIS

Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to determine whether it has jurisdiction over the matter before it. *Hagelstein v. Swift-Eckrich*, 257 Neb. 312, 597 N.W.2d 394 (1999). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Becerra v. United Parcel Service*, 284 Neb. 414, 822 N.W.2d 327 (2012).

Under Neb. Rev. Stat. § 25-1902 (Reissue 2008), the three types of final orders an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered. *Becerra, supra*, 284 Neb. at 418, 822 N.W.2d at 332.

Here, the August 25, 2015, order did not determine the action and prevent a judgment, and it was not made on summary application after a judgment. Thus, the only potentially applicable category listed in § 25-1902 is the second category, orders that affect a substantial right made during a special proceeding.

Workers' compensation cases are special proceedings. *Becerra, supra*. A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken. *Id*. A substantial right is "an essential legal right, not a mere technical right." *In re Guardianship of Sophia M.*, 271 Neb. 133, 138, 710 N.W.2d 312, 316 (2006).

The August 25, 2015, order directing Shasteen to bear the costs of the court reporter at the August 12 hearing did not affect a "substantial right." The order did not affect the subject matter of the litigation, such as by diminishing a claim or defense that was available to Shasteen before the order was entered. See *Frederick v. Seeba*, 16 Neb. App. 373, 745 N.W.2d 342 (2008) (holding that an order imposing a money judgment for attorney fees and expenses for discovery violations did not affect a substantial right because the order did not affect the subject matter of the litigation, such as by diminishing a claim or defense that was available to an appellant prior to the order). Moreover, the correctness of the compensation court's decision to tax the costs of the court reporter to Shasteen will be reviewable on appeal from the final judgment on Shasteen's request for an attorney's lien against any award or settlement entered on Ellenberger's workers' compensation claim. See *Frederick, supra* (reasoning, in part, that an order was not final because an appeal from the final judgment was sufficient to protect the appellants' interests). In sum, the compensation court's August 25, 2015, order is not final and appealable under § 25-1902.

In addition, the August 25, 2015, is not a final order for another reason. When multiple issues are presented to a court for simultaneous disposition in the same proceeding and the court decides some of the issues, while reserving other issues for later determination, the court's determination of fewer than all the issues is an interlocutory order and is not a final order for the purpose of an appeal. *Becerra v. United Parcel Service*, 284 Neb. 414, 822 N.W.2d 327 (2012). See, also, *Jacobitz v. Aurora Co-op*, 287 Neb. 97, 841 N.W.2d 377 (2013) (confirming this rule applies even in workers' compensation actions).

Here, the court was called upon at the August 12, 2015, hearing to decide multiple issues, including Shasteen's request to withdraw and Shasteen's request for an attorney's lien under § 48-108. The court granted Shasteen's request to withdraw, and it granted Shasteen a lien in the amount of $60.05 in costs, but it reserved ruling on the remainder of Shasteen's request for a lien. The court noted that the amount of Shasteen's attorney fees would need to be determined after an award was entered or a settlement reached on Ellenberger's workers' compensation claim. Because the court decided some of the issues raised at the August 12 hearing, but reserved other issues for later determination, the court's determination of fewer than all the issues is an interlocutory order and is not a final order for purposes of appeal.

## CONCLUSION

For the foregoing reasons, we conclude the compensation court's August 25, 2015, order is not a final order, and we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.