IN RE GUARDIANSHIP OF SOPHIA M., A MINOR.
JULIUS M. AND MIRIAM M., APPELLEES,
v. NAOMI M., APPELLANT.
710 N.W.2d 312

Filed March 3, 2006.   No. S-05-154.

Robert Wm. Chapin, Jr., of Chapin Law Offices, P.C., L.L.O., for appellant.

Kent E. Endacott, of Woods & Aitken, L.L.P., for appellees.

Hendry, C.J., Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Gerrard, J.

## NATURE OF CASE

Julius M. and Miriam M. (the grandparents) filed a petition on June 22, 2004, to be appointed coguardians of their granddaughter, Sophia M., alleging that Naomi M., the grandparents' daughter and Sophia's mother, was in protective custody at a mental health crisis center. The grandparents were appointed temporary coguardians of Sophia on June 22. A final guardianship hearing was scheduled for late January 2005. Prior to the final hearing, the county court, on January 7, 2005, granted the grandparents' request for a mental examination of Naomi and, on the same date, denied Naomi's request for immediate visitation. Naomi appeals from both orders.

## FACTUAL AND PROCEDURAL BACKGROUND

The grandparents filed a petition to be appointed coguardians of Sophia, for the reason that Naomi was in protective custody at a mental health crisis center. The court entered an order appointing the grandparents as temporary coguardians of Sophia, and on June 22, 2004, the grandparents signed an acceptance of the appointment.

Subsequently, the grandparents, as temporary guardians, filed a motion on December 27, 2004, pursuant to Neb. Ct. R. of Discovery 35 (rev. 2001), requesting that the court order Naomi to submit to a mental examination. Naomi filed a motion on December 30, 2004, for immediate visitation. After a hearing on both motions, the court entered an order sustaining the grandparents' motion regarding a mental examination of Naomi. The court also entered an order denying Naomi's request for immediate visitation. The court reasoned:

> The matter relating to visitation has been before the Court on several occasions during the past few months, and at one time during the later part of October significant efforts were made to accomplish weekend visitation by using a qualified professional to monitor the same. Those efforts proved to be unsuccessful and we are now about three

weeks from the final hearing in the case. Having gone this far without visitation the court finds there is very little to be gained by starting the search for another professionally monitored visitation arrangement as we can have this issue and others resolved in three or four weeks.

Naomi filed the present appeal, challenging the court's disposition of both motions.

## ASSIGNMENTS OF ERROR

Naomi assigns, summarized and restated, that the county court erred in (1) ordering a rule 35 mental examination and instructing that the scope of the examination include any recommendation for treatment by the examining physician, (2) denying Naomi's request for visitation, (3) receiving into evidence an initial assessment for abuse or neglect worksheet at the hearing on the rule 35 and visitation motions, and (4) continuing to exercise jurisdiction over the case during the pending appeal.

## STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *State of Florida v. Countrywide Truck Ins. Agency*, 270 Neb. 454, 703 N.W.2d 905 (2005).

## ANALYSIS

*Orders Compelling Mental Examination and Denying Visitation Were Not Final, Appealable Orders.*

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Trust of Rosenberg*, 269 Neb. 310, 693 N.W.2d 500 (2005). For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the tribunal from which the appeal is taken. *In re Guardianship & Conservatorship of Larson*, 270 Neb. 837, 708 N.W.2d 262 (2006). The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on

summary application in an action after judgment is rendered. *Id.* The orders on appeal in this case did not determine the action and prevent a judgment, nor were they made on summary application in an action after judgment was rendered. Thus, we consider whether the orders were made during a special proceeding and affected a substantial right. See *In re Trust of Rosenberg, supra.*

 Special proceedings include every special civil statutory remedy not encompassed in civil procedure statutes which is not in itself an action. *In re Guardianship & Conservatorship of Larson, supra.* We have described an action as any proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong involving and requiring the pleadings, process, and procedure provided by the statute and ending in a final judgment. *Id.* Every other legal proceeding by which a remedy is sought by original application to a court is a special proceeding. *Id.* Proceedings initiated pursuant to Neb. Rev. Stat. § 30-2610 (Reissue 1995), to appoint a guardian, are special proceedings. See *In re Guardianship & Conservatorship of Larson, supra.* In this case, the proceeding during which the court heard the rule 35 and visitation motions was initiated pursuant to the grandparents' request to be appointed coguardians of Sophia and, thus, constitutes a special proceeding.

Having determined that this was a special proceeding, we next consider whether a substantial right was affected. Naomi asserts that "[t]he [m]otions in question clearly affect a substantial right as they require [Naomi] to take an examination, an infringement upon her First Amendment right to liberty, and deny her visitation with her child, an infringement upon her First Amendment right to liberty." Brief for appellant at 9. We note that Naomi offers neither authority nor analysis identifying the "First Amendment right to liberty" she believes to have been affected. The grandparents assert that the rule 35 order concerns discovery matters and, thus, is not appealable. In addition, the grandparents argue that the denial of visitation order was not a final, appealable order because it was merely a temporary order designed to maintain the status quo until the final guardianship hearing was scheduled to occur in late January 2005.

■ Discovery orders, such as the rule 35 order in this case, are not generally subject to interlocutory appeal because the underlying litigation is ongoing and the discovery order is not considered final. See *Gernstein v. Lake*, 259 Neb. 479, 610 N.W.2d 714 (2000). However, pursuant to our final order jurisprudence, if the discovery order affects a substantial right and was made in a special proceeding, it is appealable.

■ A substantial right is an essential legal right, not a mere technical right. *In re Estate of Peters*, 259 Neb. 154, 609 N.W.2d 23 (2000). A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which an appeal is taken. *In re Guardianship & Conservatorship of Larson*, 270 Neb. 837, 708 N.W.2d 262 (2006).

In this case, the rule 35 order did not affect a substantial right and, therefore, is not a final, appealable order. The court's order requiring Naomi to submit to a mental examination does not diminish her power to contest any unfavorable results of the examination or defend her capacity to have custody of Sophia in the guardianship proceeding. In fact, at the hearing, Naomi presented her own report of a psychological evaluation completed by a clinical psychologist at the request of Naomi's attorney. The rule 35 order giving the grandparents the opportunity to produce a separate mental evaluation does not prevent Naomi from offering her report in support of her case for custody of Sophia.

In addition, an appeal of the rule 35 order after final judgment provides an adequate remedy to Naomi. Although a mental examination, once ordered and performed, cannot be undone, we are not convinced that any harm caused by waiting to appeal the order until after final judgment is sufficient to warrant an interlocutory appeal. In contrast, allowing an interlocutory appeal in this case promotes significant delay in the guardianship proceedings and the ultimate resolution of Sophia's custody.

Rule 35 offers protection in the form of standards that must be met before an order for a mental examination may be issued. To obtain an order for mental examination, rule 35 requires that the mental condition of a party be in controversy and that the moving party show good cause for ordering the examination. Finally, if warranted, an egregious error made by the court in ordering a

mental examination could be challenged by the aggrieved party in a mandamus action. See *State ex rel. Acme Rug Cleaner v. Likes*, 256 Neb. 34, 588 N.W.2d 783 (1999). Thus, we conclude that a rule 35 order does not affect a substantial right and, therefore, is not a final, appealable order.

The visitation order is also not a final, appealable order. In the context of juvenile matters, this court has stated:

> "[T]he question . . . whether a substantial right of a parent has been affected by an order in juvenile court litigation is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed."

*In re Interest of Borius H. et al.*, 251 Neb. 397, 401, 558 N.W.2d 31, 34 (1997), quoting *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991). Accord, *In re Interest of Daniel W.*, 3 Neb. App. 630, 636, 529 N.W.2d 548, 553-54 (1995), *reversed on other grounds* 249 Neb. 133, 542 N.W.2d 407 (1996); *In re Interest of Zachary W. & Alyssa W.*, 3 Neb. App. 274, 526 N.W.2d 233 (1994). Although this case is a guardianship proceeding, the visitation order concerned the relationship between Naomi and her daughter; thus, we look to juvenile cases for guidance in determining if the denial of visitation in this case affects a substantial right.

Here, the visitation order denied visitation pending the final guardianship hearing, which was scheduled to occur approximately 3 weeks later. The court explained that prior efforts to provide visitation had been unsuccessful and that, with only 3 weeks until the final guardianship hearing and a final resolution of the issue, very little would be gained by attempting to construct another visitation arrangement. Further, since the order effectively denied visitation only until the final guardianship hearing, the length of time that Naomi's relationship with Sophia was to be disturbed was brief, and the order was not a permanent disposition. The fact that Naomi's appeal of the visitation order has delayed the final disposition of the guardianship proceeding is unfortunate but irrelevant in our determination whether the order, when issued, affected a substantial right. The visitation order did not affect a substantial right and is not a final, appealable order.

*Actions Taken by County Court During Pendency
of Appeal Are Not Void.*

■ Naomi argues that any further action on behalf of the county court in this case pending the outcome of this appeal is in error and that any such proceedings are void. The record fails to show that any further action has been taken by the county court. However, to the extent that the county court has acted during the pendency of this appeal, those actions are not void. A notice of appeal from a nonappealable order does not render void for lack of jurisdiction acts of the trial court taken in the interval between the filing of the notice and the dismissal of the appeal by the appellate court. *In re Guardianship & Conservatorship of Woltemath*, 268 Neb. 33, 680 N.W.2d 142 (2004).

*Remaining Assignments of Error Need Not Be Resolved.*

Having determined that the orders on appeal are not final, appealable orders, this court lacks jurisdiction to consider this appeal and, thus, declines to address Naomi's remaining assignments of error.

### CONCLUSION

Based on the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

WRIGHT, J., participating on briefs.