760 N.W.2d 28 (2009)
277 Neb. 124
STEVEN S., appellee,
v.
MARY S., appellant.
No. S-08-622.
Supreme Court of Nebraska.
January 30, 2009.
*30 Grant A. Forsberg, of Forsberg & Jolly Law, P.C., L.L.O., Omaha, for appellant.
Susan K. Alexander, Hastings, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
Steven S. and Mary S. are the parents of twin girls. After their divorce, the court awarded the parties joint legal custody of the children, but awarded primary physical custody to Steven subject to Mary's rights of visitation. Each party now accuses the other of sexually abusing the children, and each party filed petitions and motions seeking custody and other relief. But following an investigation by the Nebraska State Patrol, Mary was arrested for sexual assault on a child.
After a hearing, the district court entered an order that, among other things, awarded temporary legal and physical custody to Steven, ordered Mary to have no further contact with her minor children until further order of the court, and ordered Mary to submit to an extensive psychological evaluation. Mary appeals that order. The primary issue presented on appeal is whether the order is final and *31 appealable. We conclude that it is not, and dismiss this appeal for lack of jurisdiction.

FACTS
Steven and Mary were married in 2004. They are the parents of twin daughters, born in August 2004. Steven and Mary separated and divorced in 2006. The court awarded joint legal custody of the children, with primary physical custody awarded to Steven subject to Mary's rights of visitation.
Both parties accuse the other of sexually abusing the children. Throughout the dissolution proceedings, Mary took the children to various medical doctors in an attempt to show that Steven was physically and sexually abusing them. As a result, the court ordered Mary not to take the children to any health care provider absent a true medical emergency.
In 2007, the girls returned from a visit with Mary and were tearful and "clingy." Steven was concerned and took them to a child abuse counseling center. Shortly after that visit, Mary reported to law enforcement on three occasions that Steven was physically and sexually abusing the children. The Nebraska State Patrol investigated and determined that Mary's accusations of abuse were unfounded. Based on the Nebraska State Patrol's investigation and allegations made by the girls in therapy sessions, Mary was arrested for sexual assault on a child.
Before her arrest, on April 18, 2008, Mary filed an application to modify the decree of dissolution. In her application, Mary alleged that Steven had engaged in emotional and physical abuse of the children and she requested sole legal and physical custody of the children. On the same day, Mary also filed an application for an ex parte order awarding her temporary custody. The district court granted Mary's application and awarded temporary custody of the children to Mary and suspended Steven's visitation until further order of the court.
On April 22, 2008, Steven filed a motion to set aside the ex parte order, claiming that Mary had made false allegations against him as a means of gaining custody. Steven also alleged that after the court had entered the ex parte order awarding custody to Mary, the Nebraska State Patrol had arrested Mary for sexual assault on a child and placed the children in the custody of the State. The court vacated its ex parte order granting Mary temporary custody, and the children were returned to Steven.
On April 28, 2008, Steven moved for an order (1) temporarily suspending Mary's visitation rights, (2) directing both parties to submit to evaluations by a court-appointed psychologist, (3) directing Mary to submit to an extensive psychological evaluation by a court-appointed psychologist, and (4) awarding attorney fees. The following day, Steven also filed an answer and cross-application to Mary's application to modify the decree, arguing that it was in the best interests of the children to suspend Mary's visitation rights and place the children in the sole legal and physical custody of Steven. The answer and cross-application also requested that Mary be ordered to submit to a psychological evaluation and that a custody evaluation take place. The court held a hearing on the "temporary custody motion to suspend visitation and to submit to an evaluation, and motion to appoint a guardian ad litem." After the hearing, Mary filed a motion for temporary custody.
In an order dated May 16, 2008, the district court overruled Mary's application to modify temporary custody and placed temporary legal and physical custody with *32 Steven. The court also sustained Steven's motion to suspend visitation and ordered Mary to have no further contact with the minor children until further order of the court. The court declined to appoint a guardian ad litem. The district court also sustained Steven's motion to reappoint a court-appointed psychologist to further evaluate the parties and submit a recommendation on permanent custody. Finally, the court ordered Mary to submit to an extensive psychological evaluation to determine whether she suffers from any psychiatric disorders including, but not limited to, "Munchausen Syndrome by Proxy." Mary appeals the May 16 order.

ASSIGNMENTS OF ERROR
Mary assigns, restated, that the district court erred in (1) admitting certain exhibits, (2) awarding Steven sole legal and physical custody of the parties' minor children and ruling that Mary shall have no further contact with the minor children, (3) determining that Mary must submit to a psychological evaluation by the court-appointed psychologist, and (4) determining that Mary must submit to and partially fund a child custody evaluation by the court-appointed psychologist.

STANDARD OF REVIEW
[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[1]

ANALYSIS
[2-4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[2] For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the tribunal from which the appeal is taken.[3] The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.[4] In this case, the order on appeal did not determine the action and prevent a judgment, nor was it made on summary application in an action after judgment was rendered. Thus, we consider whether the order was made during a special proceeding and affected a substantial right.[5]
[5, 6] We have construed the phrase "special proceedings" to include every special civil statutory remedy not encompassed in civil procedure statutes and which is not in itself an action.[6] An action is any proceeding in a court by which a party prosecutes another for enforcement, protection, or determination of a right or the redress or prevention of a wrong involving and requiring the pleadings, process, and procedure provided by the statute and ending in a final judgment.[7] *33 Every other legal proceeding by which a remedy is sought by original application to a court is a special proceeding.
[7] This appeal arises out of proceedings regarding the modification of a marital dissolution. As mentioned above, we have construed the phrase "special proceedings" to mean civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes.[8] Under this definition, proceedings regarding modification of a marital dissolution, which are controlled by Neb.Rev.Stat. § 42-364 (Reissue 2008), are special proceedings. Likewise, custody determinations, which are also controlled by § 42-364, are considered special proceedings.[9]
[8] Having determined that this was a special proceeding, we next consider whether a substantial right was affected. A substantial right is an essential legal right, not a mere technical right.[10] A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which an appeal is taken.[11]
Relying on our recent holding in In re Guardianship of Sophia M., Steven argues that this court lacks jurisdiction to hear this appeal, because the district court's order did not affect a substantial right. Mary, on the other hand, argues that this case differs from In re Guardianship of Sophia M., because in that case, visitation rights were temporarily suspended pending permanent proceedings. Mary asserts that the language of the order in this case permanently suspends her visitation and custody rights.
In In re Guardianship of Sophia M., the grandparents petitioned the district court to be appointed coguardians of their granddaughter. The county court granted the grandparents' request for a mental examination of the mother and denied the mother's request for immediate visitation. We dismissed the mother's appeal for lack of jurisdiction, concluding that neither the mental examination nor the temporary visitation order affected a substantial right. As in In re Guardianship of Sophia M., the order in this case is not final and appealable, because it does not affect a substantial right.
We first consider the district court's determination regarding custody and visitation. Although this case is a modification proceeding, the order, in part, concerned visitation, custody, and the relationship between Mary and her two daughters. Thus, we look to juvenile cases, in part, for guidance in determining if the denial of visitation and custody in this case affects a substantial right.[12] In regard to the issue of whether special proceedings involving juvenile matters affect substantial rights, we stated in In re Interest of Borius H. et al.[13]: "`[T]he question ... *34 whether a substantial right of a parent has been affected by an order in juvenile court litigation is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed.'"
Here, the May 16, 2008, order suspends visitation and makes a temporary custody determination. The order states:
1. [Mary's] Application to Modify Temporary Custody is Overruled. Temporary legal and physical custody is placed with [Steven].
2. [Steven's] Motion to Suspend Visitation is Sustained. [Mary] shall have no further contact with the minor children until further Order of the Court.
....
4. [Steven's] Motion to Re-appoint [the court-appointed psychologist] to further evaluate the parties and submit a recommendation on permanent custody is Sustained.
The plain language of the order, when taken in its proper context, only temporarily suspends Mary's rights to visitation and custody. In particular, the district court, in paragraph 4, sustained a motion to reappoint the court-appointed psychologist to further evaluate Mary and to "submit a recommendation on permanent custody." (Emphasis supplied.) Because Mary's relationship with the children will be disturbed for only a brief time period and the order was not a permanent disposition, we conclude that a substantial right was not affected.
In fact, to the extent that Mary's rights to seek custody and visitation were affected, that effect was magnified when Mary sought to appeal, thereby keeping the temporary order in place longer than it might have been otherwise. Any substantial rights placed at issue by a temporary custody order are more affected when an appeal is attempted. The goal of quickly resolving such disputes would be hindered, not assisted, by permitting interlocutory appeals.
[9] Nor does the ordered psychological examination make the court's order final and appealable. Discovery orders, such as the order for a mental examination here, are not generally subject to interlocutory appeal, because the underlying litigation is ongoing and the discovery order is not considered final.[14] However, as we discussed in In re Guardianship of Sophia M., if the discovery order affects a substantial right and was made in a special proceeding, it is appealable.[15]
As in In re Guardianship of Sophia M., the district court's order requiring Mary to submit to a mental examination does not diminish Mary's ability to contest any unfavorable results of the examination or defend her capacity to have custody in the future modification proceedings. The remainder of the modification proceedings and a possible appeal of the order after final judgment provides Mary all necessary remedies. Although a mental examination, once ordered and performed, cannot be undone, we are not convinced that any harm caused by waiting to appeal the order until after final judgment is sufficient to warrant an interlocutory appeal. In contrast, allowing an interlocutory appeal in this case significantly delays the proceedings, and the ultimate resolution of the children's custody.
We note that the Nebraska discovery rules offer protection in the form of *35 standards that must be met before an order for a mental examination may be issued.[16] Section 6-335 requires that to obtain an order for a physical or mental examination, the physical or mental condition of a party must be in controversy, and the moving party must show good cause for ordering the examination.[17] And, if warranted, an egregious error made by the court in ordering a mental examination could be challenged by the aggrieved party in a mandamus action.[18] Thus, we conclude that an order for a physical or mental examination pursuant to § 6-335 does not affect a substantial right and, therefore, is not a final, appealable order.[19]
Because the order on appeal is not a final, appealable order, we lack jurisdiction to address Mary's assignments of error, and we dismiss her appeal.

CONCLUSION
For the foregoing reasons, we conclude that the district court's order was not final and appealable. When an appellate court is without jurisdiction to act, the appeal must be dismissed. We, therefore, dismiss this appeal for lack of jurisdiction.
APPEAL DISMISSED.
NOTES
[1] Timmerman v. Neth, 276 Neb. 585, 755 N.W.2d 798 (2008).
[2] In re Trust of Rosenberg, 269 Neb. 310, 693 N.W.2d 500 (2005).
[3] In re Estate of Potthoff, 273 Neb. 828, 733 N.W.2d 860 (2007).
[4] See, In re Guardianship of Sophia M., 271 Neb. 133, 710 N.W.2d 312 (2006); Neb.Rev. Stat. § 25-1902 (Reissue 2008).
[5] See In re Guardianship of Sophia M., supra note 4.
[6] Id.
[7] Id.
[8] See, In re Estate of Peters, 259 Neb. 154, 609 N.W.2d 23 (2000); State ex rel. Reitz v. Ringer, 244 Neb. 976, 510 N.W.2d 294 (1994), overruled in part on other grounds, Cross v. Perreten, 257 Neb. 776, 600 N.W.2d 780 (1999).
[9] State ex rel. Reitz v. Ringer, supra note 8.
[10] See, In re Guardianship of Sophia M., supra note 4; In re Estate of Peters, supra note 8.
[11] See, In re Guardianship of Sophia M., supra note 4; In re Guardianship & Conservatorship of Larson, 270 Neb. 837, 708 N.W.2d 262 (2006).
[12] See In re Guardianship of Sophia M., supra note 4.
[13] In re Interest of Borius H. et al., 251 Neb. 397, 401, 558 N.W.2d 31, 34 (1997), quoting In re Interest of R.G., 238 Neb. 405, 470 N.W.2d 780 (1991).
[14] See Gernstein v. Lake, 259 Neb. 479, 610 N.W.2d 714 (2000).
[15] In re Guardianship of Sophia M., supra note 4.
[16] See Neb. Ct. R. Disc. § 6-335.
[17] Id.
[18] See State ex rel. Acme Rug Cleaner v. Likes, 256 Neb. 34, 588 N.W.2d 783 (1999).
[19] In re Guardianship of Sophia M., supra note 4.