780 N.W.2d 45 (2010)
18 Neb. App. 313
Suzanne Kay TROGDON, appellee,
v.
Bradly David TROGDON, appellant.
No. A-08-1323.
Court of Appeals of Nebraska.
March 2, 2010.
*46 Christopher A. Vacanti, of Vacanti Shattuck, Omaha, for appellant.
Douglas R. Switzer, of Hathaway Switzer, L.L.C., Omaha, for appellee.
INBODY, Chief Judge, and IRWIN and CASSEL, Judges.
IRWIN, Judge.

I. INTRODUCTION
This appeal involves a California divorce decree ordering child support and spousal support. Pursuant to the Uniform Interstate Family Support Act, Suzanne Kay Trogdon initiated a proceeding to register and enforce that decree in Nebraska. In her accompanying affidavit, Suzanne alleged that Bradly David Trogdon had not been paying child support or spousal support and indicated that Bradly owed $249,558.58 in accrued arrearages.
After a hearing, the district court entered an order "confirming" the child support and spousal support orders from the California decree (referred to as the "support orders"). The court subsequently held additional hearings and ultimately entered an order consolidating the support orders and prohibiting Bradly from contesting the previously confirmed support orders. Then the parties entered into an agreement regarding the amount of arrearages. The court accepted the parties' agreement and ordered Bradly to pay $211,444.62 in accrued, consolidated arrearages.
On appeal, Bradly alleges that the district court erred in determining that it had personal jurisdiction over him and erred in not permitting him to raise the defense of equitable estoppel.
*47 Upon our review, we find that the district court had personal jurisdiction over Bradly because Bradly filed a request for hearing requesting affirmative relief prior to asserting that the district court lacked personal jurisdiction over him. We also find that pursuant to Neb.Rev.Stat. § 42-743 (Reissue 2008), Bradly was precluded from raising an estoppel argument to contest the previously confirmed support orders. As such, we affirm the confirmation of the foreign support orders.

II. BACKGROUND
Sometime after the parties' 1993 California divorce, Suzanne moved to Nebraska with the parties' minor child and Bradly moved to Washington. On March 10, 2008, Suzanne initiated a proceeding in the district court to register the California support orders pursuant to the Uniform Interstate Family Support Act, Neb.Rev. Stat. §§ 42-701 through 42-751 (Reissue 2008). As a part of her request, Suzanne filed an affidavit alleging that Bradly owed $249,558.58 in accrued arrearages.
Also on March 10, 2008, the district court sent Bradly notice that Suzanne had registered the California support orders in Nebraska. Pursuant to § 42-740, the court notified Bradly that he had 20 days to contest the registration of the orders and that if he did not contest the registration within the 20-day period, "the Court [would] confirm the Order[s] and enforce [them] against [him]."
On April 4, 2008, Bradly filed a request for a hearing concerning the registration of the orders. Bradly indicated that he "dispute[d] the amounts set forth in [Suzanne's] affidavit and respectfully request[ed] the court to require strict proof on her claim of what support amounts are owed."
On June 19, 2008, a hearing was held. Bradly did not appear at the hearing, but he was represented by counsel. At the start of the hearing, Bradly's counsel indicated that she was "appearing for the sole purpose of objecting to the personal jurisdiction over Bradly." After hearing arguments from both parties, the court found that it had personal jurisdiction over Bradly.
After the court determined that it had personal jurisdiction over Bradly, Bradly's counsel argued against registration of the California support orders because Bradly had made direct payments to Suzanne which were not included in Suzanne's calculations of the accrued arrearages. Counsel indicated that the direct payments exceeded $5,000.
Despite counsel's assertions, the court confirmed the registration of the California support orders pursuant to § 42-742(c). In its written order, the court found that Bradly did not establish a valid defense to the validity or enforcement of the registered support orders under § 42-742(a). The court indicated, "[T]he [support] orders... are hereby confirmed as orders enforceable in the same manner and subject to the same procedures as orders issued by a tribunal of the state of Nebraska."
After the entry of the confirmation order, Suzanne filed a motion to consolidate the support orders and calculate the total arrearages owed by Bradly and filed a motion requesting that Bradly be ordered to appear and submit to a debtor's examination. Bradly filed a motion to stop enforcement for past support arrearages. Bradly indicated that Suzanne was equitably estopped from collecting support arrearages or accumulated interest. This was the first time this defense had been raised.
In November 2008, a hearing was held on the parties' motions. Bradly appeared *48 personally at the hearing and requested to testify concerning his estoppel defense. The court did not permit Bradly to offer evidence in support of the estoppel defense after determining that he was precluded from contesting the previously confirmed support orders because he could have raised the estoppel defense at the June 2008 confirmation hearing. In reaching its conclusion, the court relied on § 42-743, which states that a confirmed support order cannot be contested with respect to any matter that could have been asserted at the confirmation hearing. The parties then reached an agreement concerning the total amount of arrearages owed by Bradly, and the court entered an order reflecting this agreement. The court ordered Bradly to pay $211,444.62 in accrued, consolidated arrearages.
Bradly appeals here.

III. ASSIGNMENTS OF ERROR
On appeal, Bradly assigns two errors. First, he alleges that the district court erred in determining that it had personal jurisdiction over him. Second, he alleges that the court erred in not permitting him to raise the defense of equitable estoppel.

IV. ANALYSIS

1. STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. Steven S. v. Mary S., 277 Neb. 124, 760 N.W.2d 28 (2009); VanHorn v. Nebraska State Racing Comm., 273 Neb. 737, 732 N.W.2d 651 (2007).
Statutory interpretation presents a matter of law which an appellate court determines independent of the conclusions reached by a lower court. Groseth v. Groseth, 257 Neb. 525, 600 N.W.2d 159 (1999). See, also, Wills v. Wills, 16 Neb.App. 559, 745 N.W.2d 924 (2008).

2. PERSONAL JURISDICTION
Bradly first asserts that the district court erred in determining that it had personal jurisdiction over him. Personal jurisdiction is the power of a tribunal to subject and bind a particular entity to its decisions. Hunt v. Trackwell, 262 Neb. 688, 635 N.W.2d 106 (2001). Lack of personal jurisdiction may be waived and such jurisdiction conferred by the conduct of the parties. Id. For example, a party that files an answer generally denying the allegations of a petition invokes the court's power on an issue other than personal jurisdiction and confers on the court personal jurisdiction. See id. Similarly, a party who does more than call a court's attention to the lack of personal jurisdiction by asking for affirmative relief will not later be heard to claim that the court lacked jurisdiction over that party. Glass v. Nebraska Dept. of Motor Vehicles, 248 Neb. 501, 536 N.W.2d 344 (1995).
On April 4, 2008, Bradly filed a request for hearing in response to receiving notice that Suzanne was seeking to register the California support orders. In the request for hearing, Bradly did not raise the issue of personal jurisdiction. Rather, he requested a hearing because he "dispute[d] the amounts set forth in [Suzanne's] affidavit and respectfully request[ed] the court to require strict proof on her claim of what support amounts are owed." Bradly did not assert that the court lacked personal jurisdiction over him until the June 2008 hearing.
Bradly's first filing with the court did more than call the court's attention to the lack of personal jurisdiction. In fact, Bradly's first filing did not even mention *49 the potential jurisdictional issue. Instead, the filing requested affirmative relief in the form of a hearing to determine the exact amount of arrearages owed. Because this filing requested such affirmative relief, Bradly was precluded from claiming at the June 2008 hearing that the court lacked jurisdiction over him. As a result of Bradly's conduct, he waived his right to assert that the court lacked personal jurisdiction over him. Accordingly, this assignment of error has no merit.

3. EQUITABLE ESTOPPEL DEFENSE
Bradly also asserts that the court erred in precluding him from raising an equitable estoppel defense at the November 2008 hearing. Specifically, he alleges that his defense related not to the validity of the support orders, but to the calculation of the amount of arrearages owed. Bradly asserts that he did not have an opportunity to contest the amount of arrearages owed at the June 2008 hearing where the order was confirmed.
Bradly raised the equitable estoppel defense for the first time in his motion to stop enforcement for past support arrearages. This motion was filed on October 15, 2008, approximately 3 months after the court entered an order confirming the registration of the California support orders. Based on § 42-473, the district court did not permit Bradly to raise the equitable estoppel defense at the November 2008 hearing. Section 42-743 states: "Confirmation of a registered order, whether by operation of law or after notice and hearing, precludes further contest of the order with respect to any matter that could have been asserted at the time of registration." Essentially, the court found that Bradly's defense was untimely raised because it could have been asserted at the June 2008 confirmation hearing.
In order to address Bradly's assertions, we must examine certain provisions of the Uniform Interstate Family Support Act to determine whether Bradly could have raised the estoppel defense at the June 2008 hearing when he was contesting registration and confirmation of the California support orders.
Section 42-741 provides the procedures for contesting the validity or enforcement of a foreign support order prior to its confirmation. Section 42-741(a) reads, in part: "The nonregistering party may seek to vacate the registration, to assert any defense to an allegation of noncompliance with the registered order, or to contest the remedies being sought or the amount of any alleged arrearages...." This language indicates that a party can contest the "amount of any alleged arrearages" prior to the confirmation of a foreign support order.
Section 42-742 goes on to enumerate the specific defenses which can be raised when contesting the validity or enforcement of a registered order and the effect of a validly raised defense. Section 42-742 provides:
(a) A party contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one or more of the following defenses:
(1) the issuing tribunal lacked personal jurisdiction over the contesting party;
(2) the order was obtained by fraud;
(3) the order has been vacated, suspended, or modified by a later order;
(4) the issuing tribunal has stayed the order pending appeal;
(5) there is a defense under the law of this state to the remedy sought;
(6) full or partial payment has been made;
(7) the statute of limitation under section 42-739 precludes enforcement of some or all of the alleged arrearages; or

*50 (8) the alleged controlling order is not the controlling order.
(b) If a party presents evidence establishing a full or partial defense under subsection (a) of this section, a tribunal shall stay enforcement of the registered order, continue the proceeding to permit production of additional relevant evidence, and issue other appropriate orders. An uncontested portion of the registered order may be enforced by all remedies available under the law of this state.
(c) If the contesting party does not establish a defense under such subsection to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order.
Section 42-742(a)(5) clearly provides that if "there is a defense under the law of this state to the remedy sought," such defense can be raised prior to confirmation of a foreign support order. The Nebraska Supreme Court has previously held that the doctrine of equitable estoppel is a possible defense in proceedings concerning the enforcement or modification of support orders: "[T]he doctrine of equitable estoppel could operate to excuse the payment of accrued child support under appropriate factual circumstances." Truman v. Truman, 256 Neb. 628, 633-34, 591 N.W.2d 81, 85 (1999). Because equitable estoppel "is a defense under the law of this state," § 42-742(a)(5), such a defense could have been raised prior to confirmation of the California support orders.
Bradly did not raise the estoppel defense at the June 2008 hearing. After the June 2008 hearing, the court entered an order confirming the registration of the California support orders. Pursuant to § 42-743, after confirmation of the support orders, Bradly was precluded from further contesting the orders with respect to any matter that could have been asserted prior to confirmation. Because the estoppel defense could have been raised prior to confirmation of the orders, the district court did not err in precluding Bradly from raising such defense at the November 2008 hearing.
In his brief to this court, Bradly asserts that he was not given an opportunity to contest the amount of arrearages owed at the June 2008 hearing. He argues that even though the support orders were confirmed after the June 2008 hearing, the court stayed the issue of the amount of arrearages owed, and that his defense is relevant to that issue. Our review of the record reveals that contrary to Bradly's assertions, the district court did not stay the proceedings. Instead, the court specifically found that Bradly had failed to provide evidence of a valid defense to the registration and enforcement of the orders. In its written order, the court found, "[Bradly] did not satisfy any of the enumerated elements set forth in ... § 42-742(a) or (b) and therefore, pursuant to ... § 42-742(c), an order confirming the registration should be issued." The court indicated, "[T]he [support] orders... are hereby confirmed as orders enforceable in the same manner and subject to the same procedures as orders issued by a tribunal of the state of Nebraska."
Moreover, although Bradly argues that he was not given the opportunity to contest the amount of arrearages at the June 2008 hearing, Bradly's counsel did assert a defense of partial payment. Counsel argued that Bradly had paid money directly to Suzanne and that the amounts of such payments had not been included in Suzanne's calculations of the arrearages owed. Counsel stated that Bradly had paid over $5,000. However, counsel did not provide any evidence of such payment. Without evidence to support counsel's assertions, *51 the court confirmed the support orders.
Because Bradly could, and should, have raised the estoppel defense prior to confirmation of the orders, he is now precluded from raising such a defense. As such, the district court did not err in precluding Bradly from raising the estoppel defense at the November 2008 hearing. Bradly's assignment of error has no merit.

V. CONCLUSION
We find that the district court had personal jurisdiction over Bradly because Bradly filed a notice of hearing requesting affirmative relief prior to asserting that the district court lacked personal jurisdiction over him. We also find that pursuant to § 42-743, Bradly was precluded from raising an estoppel argument to contest the previously confirmed support orders. As such, we affirm the confirmation of the foreign support orders.
AFFIRMED.