renovation was not exempt from the Act and that a licensed architect was required to approve the submitted construction plans under the applicable building code. We therefore reverse the court's order and so need not consider the appropriateness of the granted relief.

Reversed.

Wright, J., participating on briefs.
Connolly and Stephan, JJ., not participating.

———————

Justin S. Furstenfeld, appellant, v.
Lisa B. Pepin, appellee.
___ N.W.2d ___

Filed December 13, 2013.    No. S-13-122.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the tribunal from which the appeal is taken.

4. **Final Orders: Appeal and Error.** The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.

5. **Actions: Statutes.** "Special proceedings" include civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes.

6. **Actions: Modification of Decree: Child Custody.** Proceedings regarding modification of a marital dissolution, which are controlled by Neb. Rev. Stat. § 42-364 (Cum. Supp. 2012), are special proceedings, as are custody determinations, which are also controlled by § 42-364.

7. **Words and Phrases.** A substantial right is an essential legal right, not a mere technical right.

8. **Final Orders: Appeal and Error.** A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense

that was available to an appellant prior to the order from which an appeal is taken.

9. **Pretrial Procedure: Final Orders: Appeal and Error.** Discovery orders are not generally subject to interlocutory appeal because the underlying litigation is ongoing and the discovery order is not considered final. However, if the discovery order affects a substantial right and was made in a special proceeding, it is appealable.

Appeal from the District Court for Lancaster County: John A. Colborn, Judge. Appeal dismissed.

Matt Catlett for appellant.

Terrance A. Poppe and Benjamin D. Kramer, of Morrow, Poppe, Watermeier & Lonowski, P.C., L.L.O., for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Stephan, J.

In a proceeding commenced by Lisa B. Pepin to modify the child custody and support provisions of a decree of dissolution, the district court for Lancaster County ordered Pepin's former spouse, Justin S. Furstenfeld, to obtain certain medical records from two health care providers located outside Nebraska. The records were eventually to be provided to Pepin. Furstenfeld appeals from that order. We conclude that the order does not affect a substantial right and is therefore not a final, appealable order.

## BACKGROUND

In her amended complaint for modification of the dissolution decree, Pepin alleged that there had been material changes in circumstances involving Furstenfeld's "emotional and mental condition" and his "lifestyle and living arrangements" which required a modification or suspension of his parenting time with the couple's minor child. She also alleged there had been changes in Furstenfeld's financial circumstances which necessitated a modification of child support. Furstenfeld filed an answer generally denying these allegations. He also filed a counterclaim alleging Pepin had interfered with his exercise of

his parenting time and relationship with the child, and requesting that sole custody be awarded to him. In his counterclaim, Furstenfeld stated that he resided in Texas. Furstenfeld later voluntarily dismissed the counterclaim.

During the pendency of the modification proceeding, Pepin filed a "Motion for Order Releasing Medical Records." The motion stated that Furstenfeld had consented in a deposition to Pepin's review of his medical records but then refused to sign releases which would enable Pepin to obtain his treatment records from health care providers located in Texas and Tennessee. Pepin alleged that the records were "necessary for the upcoming trial on parenting time" and that the health care providers would not release the records without a court order or an authorization signed by Furstenfeld.

After conducting a hearing on the motion, the court entered an order finding that Pepin had become aware of the medical records "in the course of discovery," that she had requested production of the records by Furstenfeld, and that he had responded by stating that he had no such records in his possession or control. The court also found that because the two health care providers were beyond its jurisdiction, there was no mechanism for Pepin to obtain the records other than through "suitable waivers and/or releases" executed by Furstenfeld. The court ordered Furstenfeld to execute the documents necessary to obtain the records from the facilities and to have the records delivered to his attorney, who was then required to review them and either provide copies to Pepin or file an appropriate objection with the court. The court also ordered both parties and their attorneys not to publicly disclose any information contained in such records, other than through an offer as evidence at trial.

Furstenfeld perfected a timely appeal from this order, which we moved to our docket on our own motion pursuant to our authority to regulate the caseloads of the appellate courts of this state.[1]

---

[1] See, Neb. Rev. Stat. § 24-1106(3) (Reissue 2008); Neb. Ct. R. App. P. § 2-102(C) (rev. 2012).

## ASSIGNMENT OF ERROR

Furstenfeld contends, restated, that the district court had no authority to order him to obtain the records from the health care providers for eventual production to Pepin and therefore erred in doing so.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[2]

## ANALYSIS

[2] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[3] We therefore consider the threshold question of whether the order challenged by Furstenfeld is a final, appealable order over which we may exercise appellate jurisdiction.

[3,4] For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the tribunal from which the appeal is taken.[4] The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.[5] The order in this matter did not determine the action and prevent a judgment, and it was not made on summary application in an action after judgment was rendered. We therefore focus our inquiry on whether it affected a substantial right and was made during a special proceeding.

---

[2] *Steven S. v. Mary S.*, 277 Neb. 124, 760 N.W.2d 28 (2009).

[3] *Sutton v. Killham*, 285 Neb. 1, 825 N.W.2d 188 (2013).

[4] *Steve S. v. Mary S., supra* note 2.

[5] *Id.*

[5,6] "Special proceedings" include civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes.[6] Proceedings regarding modification of a marital dissolution, which are controlled by Neb. Rev. Stat. § 42-364 (Supp. 2013), are special proceedings, as are custody determinations, which are also controlled by § 42-364.[7] Thus, the order from which Furstenfeld appeals was entered in a special proceeding.

[7-9] A substantial right is an essential legal right, not a mere technical right.[8] A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which an appeal is taken.[9] Here, although the order at issue does not cite to any specific provision of the Nebraska Court Rules of Discovery in Civil Cases,[10] it is clear that it was entered in response to a dispute which arose in the course of pretrial discovery. The order recites that Furstenfeld's treatment at the two out-of-state facilities became known "in the course of discovery" and that Pepin had served a request for production of the medical records, to which Furstenfeld had responded that the records were not in his possession or control. This reflects the general procedure set forth in § 6-334 of the discovery rules for obtaining discovery in the form of documents from an opposing party. Where, as here, this procedure does not result in the requested production, the requesting party may seek an order of the court to compel discovery pursuant to § 6-337. Although the district court did not cite this rule as authority for its order, we conclude that it can be fairly characterized as an order compelling discovery. Discovery orders are not generally subject to interlocutory appeal because the underlying litigation is ongoing and the discovery order is

---

[6] See *id*.

[7] *Id*.

[8] *Id*.

[9] *Id*.

[10] Neb. Ct. R. Disc. §§ 6-301 to 6-337.

not considered final.[11] However, if the discovery order affects a substantial right and was made in a special proceeding, it is appealable.[12]

In two cases involving contested issues of parental fitness for custody, we held that discovery orders did not affect a parent's substantial right and were therefore not appealable. In *In re Guardianship of Sophia M*.,[13] grandparents seeking appointment as guardians of their maternal granddaughter obtained an order requiring the mother of the child to undergo a mental examination. Although we concluded that the guardianship proceeding constituted a special proceeding, we held that the discovery order did not affect the mother's substantial rights because it did not diminish her ability to contest any adverse results or present evidence of her own fitness to have custody of the child. We further noted:

> Although a mental examination, once ordered and performed, cannot be undone, we are not convinced that any harm caused by waiting to appeal the order until after final judgment is sufficient to warrant an interlocutory appeal. In contrast, allowing an interlocutory appeal in this case promotes significant delay in the guardianship proceedings and the ultimate resolution of [the minor child's] custody.[14]

We applied the same reasoning in *Steven S. v. Mary S*.,[15] a proceeding to modify the child custody provisions of a decree of dissolution. We held that an order requiring the mother to undergo a psychological examination requested by the father to determine her parental fitness did not affect the mother's substantial rights and was therefore not appealable. And we noted that "if warranted, an egregious error made by the court

---

[11] *Steven S. v. Mary S., supra* note 2; *In re Guardianship of Sophia M*., 271 Neb. 133, 710 N.W.2d 312 (2006).

[12] *Id*.

[13] *In re Guardianship of Sophia M., supra* note 11.

[14] *Id*. at 138, 710 N.W.2d at 317.

[15] *Steven S. v. Mary S., supra* note 2.

in ordering a mental examination could be challenged by the aggrieved party in a mandamus action."[16]

Also instructive on this issue is *Schropp Indus. v. Washington Cty. Atty.'s Ofc.*,[17] an appeal from an order in an ancillary discovery proceeding which required a party to produce certain documents. We held that neither the final order statute nor the collateral order doctrine provided a basis for appellate jurisdiction. Assuming without deciding that an ancillary discovery proceeding was a special proceeding, we concluded that the discovery order did not affect a substantial right because any error could be "effectively vindicated in an appeal from the final judgment."[18]

Applying these principles, we conclude that the order requiring Furstenfeld to obtain and produce the medical records did not affect his substantial rights. The order does not impair his ability to assert a privilege or object to the admissibility of the records at trial. His claim that the court exceeded its authority in ordering him to sign the authorizations necessary to obtain the records can be preserved for resolution in any appeal from the final judgment on the application for modification of custody and child support. And we note that the order specifically requires that the records, once obtained, may be used by the parties solely as evidence in this case. The order does not affect a substantial right, and it is therefore not appealable.

## CONCLUSION

For the reasons discussed, there is no final, appealable order before us, and we therefore lack appellate jurisdiction. Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

---

[16] *Id.* at 132, 760 N.W.2d at 35.

[17] *Schropp Indus. v. Washington Cty. Atty.'s Ofc.*, 281 Neb. 152, 794 N.W.2d 685 (2011).

[18] *Id.* at 159, 794 N.W.2d at 692.