Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/26/2016 09:06 AM CDT

In re Guardianship of Aimee S., an incapacitated
and protected person.
Deborah S., appellant and cross-appellee, v.
Susanne Dempsey-Cook, Successor Guardian,
appellee and cross-appellant, and
Kelly Henry Turner, guardian
ad litem, appellee.

___ N.W.2d ___

Filed July 26, 2016.    No. A-15-767.

1. **Standing: Jurisdiction.** Standing requires that a litigant have such a personal stake in the outcome of a controversy as to warrant invocation of a court's jurisdiction and justify exercise of the court's remedial powers on the litigant's behalf. The defect of standing is a defect of subject matter jurisdiction.
2. **Judgments: Jurisdiction.** A jurisdictional question that does not involve a factual dispute presents a question of law.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction.
4. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.
5. **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902 (Reissue 2008), the three types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered.
6. ____: ____. Pursuant to Neb. Rev. Stat. § 25-1902 (Reissue 2008), a final, appealable order must affect a substantial right.

- 231 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
24 NEBRASKA APPELLATE REPORTS
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 24 Neb. App. 230

7. **Final Orders: Words and Phrases.** A substantial right is an essential legal right, not merely a technical right.
8. **Final Orders: Appeal and Error.** A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken.
9. **Actions: Jurisdiction.** Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.
10. **Guardians and Conservators: Parental Rights.** A parent of an incapacitated adult does not have the same rights as a parent of an incapacitated minor.

Appeal from the County Court for Douglas County: SUSAN BAZIS, Judge. Appeal dismissed.

Brent M. Kuhn, of Brent Kuhn Law, for appellant.

Barbara J. Prince for appellee Susanne Dempsey-Cook.

John M. Walker, Sarah F. Macdissi, and Catherine E. French, of Lamson, Dugan & Murray, L.L.P., for appellee Kelly Henry Turner.

PIRTLE and BISHOP, Judges.

PIRTLE, Judge.

## INTRODUCTION

Deborah S. and June Berger (June) appeal from an order of the county court for Douglas County which granted their motion for visitation, thereby allowing Deborah to have visits with her incapacitated adult daughter, Aimee S. Deborah takes issue with the trial court's finding that the successor guardian, as well as other individuals, would make the determination of when and how visits between Aimee and Deborah would take place. We determine that the visitation order from which Deborah appeals is not a final, appealable order. Accordingly, the appeal is dismissed.

## BACKGROUND

Aimee was determined to be incapacitated by the county court for Douglas County on January 23, 2002, when she

- 232 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 24 Neb. App. 230

was 23 years old. Deborah was appointed as Aimee's guardian on that same date and continued in that role until 2011. On October 5, 2011, the Nebraska Department of Health and Human Services petitioned for the removal of Deborah as guardian, and she relinquished her role.

In December 2013, Deborah and June, Deborah's friend, petitioned to be appointed coguardians and coconservators for Aimee. In November 2014, the court terminated visits between Aimee and Deborah. In May 2015, Aimee's successor guardian, Susanne Dempsey-Cook, and her guardian ad litem, Kelly Henry Turner (collectively appellees), joined in a motion for summary judgment seeking to have the petition dismissed and seeking attorney fees. Deborah and June filed a motion for visitation, in which Deborah sought to have visits with Aimee. Following a hearing on both motions, the trial court entered an order granting appellees' motion for summary judgment and a separate order granting Deborah and June's motion for visitation. In regard to the order granting visitation, the court ordered that visits between Aimee and Deborah should resume within 30 days of the order and that Aimee's successor guardian, as well as certain individuals who were part of Aimee's treatment team, would determine when and how visits between Aimee and Deborah would take place.

Deborah and June appealed the order granting summary judgment and the order on the motion for visitation. Appellees filed a motion for summary dismissal on both matters. We sustained the motion for summary dismissal in part, concluding that the summary judgment order was not a final, appealable order because a request for attorney fees was still pending. We denied the motion for summary dismissal in regard to the visitation order. Accordingly, the appeal from the visitation order is the only matter now before us.

[1] We note that although June is listed on the notice of appeal as a party appealing, Deborah was the only one seeking visits with Aimee. Counsel for Deborah and June agreed

- 233 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 24 Neb. App. 230

at oral argument that June did not ask for visitation and, therefore, has no standing in this matter. See *In re Guardianship of Herrick*, 21 Neb. App. 971, 846 N.W.2d 301 (2014) (standing requires that litigant have such personal stake in outcome of controversy as to warrant invocation of court's jurisdiction and justify exercise of court's remedial powers on litigant's behalf; defect of standing is defect of subject matter jurisdiction).

## ASSIGNMENTS OF ERROR

Deborah assigns seven errors, six of which relate to the summary judgment issue which, as stated previously, is no longer before us. Accordingly, we do not address those errors.

Deborah assigns, restated, that the trial court erred in ordering that Aimee's successor guardian and other caregivers would determine how and when her visits with Aimee would take place.

On cross-appeal, Aimee's successor guardian assigns that the trial court erred in granting Deborah's motion for visitation and ordering that visits resume within 30 days of the court's order.

## STANDARD OF REVIEW

[2] A jurisdictional question that does not involve a factual dispute presents a question of law. *Murray v. Stine*, 291 Neb. 125, 864 N.W.2d 386 (2015).

## ANALYSIS

[3,4] Deborah assigns that the trial court erred in ordering that Aimee's successor guardian and other caregivers would determine how and when her visits with Aimee would take place. However, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction. *Murray v. Stine, supra.* For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.

- 234 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 24 Neb. App. 230

*Echo Financial v. Peachtree Properties*, 22 Neb. App. 898, 864 N.W.2d 695 (2015).

[5] Under Neb. Rev. Stat. § 25-1902 (Reissue 2008), the three types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered. *In re Guardianship & Conservatorship of Forster*, 22 Neb. App. 478, 856 N.W.2d 134 (2014).

[6-8] Pursuant to § 25-1902, a final, appealable order must affect a substantial right. A substantial right is an essential legal right, not merely a technical right. See *In re Guardianship of Sophia M.*, 271 Neb. 133, 710 N.W.2d 312 (2006). A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken. *Big John's Billiards v. State*, 283 Neb. 496, 811 N.W.2d 205 (2012).

[9] Appellees previously filed a motion for summary dismissal challenging our jurisdiction over the visitation order on the basis that no substantial right had been affected. We denied summary dismissal at that time, citing to *In re Guardianship of Sophia M., supra*, and the proposition noted above. *In re Guardianship of Sophia M.* indicated that """"whether a substantial right of a parent has been affected . . . is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed.""'" 271 Neb. at 139, 710 N.W.2d at 317. Since there were no time limitations on the visitation restrictions indicated in the present matter, this court initially construed *In re Guardianship of Sophia M.* to suggest such an order impacted a substantial right. However, upon further review and consideration, we conclude otherwise. Lack of subject matter jurisdiction may

- 235 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 24 Neb. App. 230

be raised at any time by any party or by the court sua sponte. *City of Omaha v. C.A. Howell, Inc.*, 20 Neb. App. 711, 832 N.W.2d 30 (2013).

*In re Guardianship of Sophia M., supra*, involved visitation between a parent and a minor child. The present case, unlike *In re Guardianship of Sophia M.*, involves visitation between a parent and an adult child. Accordingly, the legal principles regarding substantial rights at issue in a juvenile court proceeding are not applicable here. We have found no Nebraska case law that would support a finding that a parent of an incapacitated adult has the same rights as a parent of an incapacitated minor. In a concurrence written by Justice Stephan in *In re Guardianship of Benjamin E.*, 289 Neb. 693, 856 N.W.2d 447 (2014), he discussed whether the parental preference principle, which is applied in guardianship proceedings involving minor children, should extend to protect the relationship between parents and their adult children. Although this concurrence has no precedential value, it does provide some guidance in regard to the jurisdictional question now before us.

The *In re Guardianship of Benjamin E.* case dealt with the priority given by Neb. Rev. Stat. § 30-2627 (Reissue 2008) to a parent of an incapacitated person to be appointed as guardian. Justice Stephan concurred with the majority's holding that the county court erred in bypassing the mother's statutory priority without stating the reasons for doing so.

In regard to the parental preference principle, Justice Stephan explained:

The parental preference principle arises from the substantive component of the Due Process Clause of the 14th Amendment, which protects the "fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition.'" The U.S. Supreme Court has recognized that "[t]he liberty interest . . . of parents in the care, custody, and control of their children . . . is perhaps the oldest of the fundamental liberty

- 236 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 24 Neb. App. 230

interests. . . ." The parental preference principle is based
on an acknowledgment that parents and their children
have a recognized unique and legal interest in, and a
constitutionally protected right to, companionship and
care as a consequence of the parent-child relationship,
a relationship that, in the absence of parental unfitness
or a compelling state interest, is entitled to protec-
tion from intrusion into that relationship. The parental
preference principle protects the parent's right to the
companionship, care, custody, and management of his
or her child and the child's reciprocal right to be raised
and nurtured by a biological or adoptive parent. We have
even stated that establishment and continuance of the
parent-child relationship is the most fundamental right a
child possesses.

*In re Guardianship of Benjamin E.*, 289 Neb. at 706-07, 856
N.W.2d at 457 (Stephan, J., concurring) (citations omitted).

Justice Stephan stated that the constitutional protections of
the parental preference principle are not directly applicable
to whether a parent has priority to be the guardian for his or
her incapacitated adult child. *In re Guardianship of Benjamin
E., supra* (Stephan, J., concurring). He further noted that a
number of federal circuit courts have addressed the issue
of whether the parental preference principle should extend
to protect the relationship between parents and their adult
children in the context of 42 U.S.C. § 1983 (2012) actions
brought by parents of adult children wrongfully killed by
state action (such as a shooting by a police officer). Courts
have declined to extend the parental preference principle in
these cases.

Justice Stephan stated that he found one case that directly
addressed whether the parental preference principle applies
when a parent wants to be appointed the guardian of an inca-
pacitated adult child and it concluded that it did not apply. *In
re Guardianship of Benjamin E., supra*. (Stephan, J., concur-
ring) (citing *In re Tammy J.*, 270 P.3d 805 (Alaska 2012)).

- 237 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
24 NEBRASKA APPELLATE REPORTS
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 24 Neb. App. 230

The Alaska court in *In re Tammy J.* recognized that the U.S. Supreme Court has never taken a position on whether the substantive due process rights of parents extend to relationships with adult children and that the Court has been historically reluctant to expand the concept of substantive due process. In addressing the question of whether a parent has a constitutionally protected right to make decisions regarding the care, custody, and control of a developmentally disabled adult, the Alaska court reasoned that caring for such an individual is not a form of "'child rearing.'" *In re Tammy J.*, 270 P.3d at 815. The Alaska court also found that the fundamental liberty interests of the developmentally disabled adult are a significant factor to be weighed against extending substantive due process protection to the parents' care for their developmentally disabled adult child. It noted that in the context of minor children, when a child's preferences and interests conflict with the choices of parents, protection of the parents' rights may come at the expense of the rights of the child. *In re Tammy J., supra*. However, adult individuals with disabilities have independent rights to equality of opportunity, independent living, and personal and economic self-sufficiency, and the trend is that they should not be viewed or treated as "'"eternal children."'" See *id.* at 815.

Similarly, in *In re Lake*, 7 Kan. App. 2d 586, 644 P.2d 1368 (1982), the Kansas court stated that the discretionary decision of the court to make a change of guardian is much like a decision regarding the custody of a child, since both are subject to a number of countervailing circumstances. In both instances, the best interests of a person legally incapable of exercising independent judgment concerning his or her best interests must be determined. However, unlike a custody action in which parental rights must be considered, the guardianship of an incapacitated adult is solely concerned with the rights and interests of the ward. *Id.*

[10] In the present case, Deborah is appealing from an order regarding visitation with her adult incapacitated child. The

- 238 -

Nebraska Court of Appeals Advance Sheets
24 Nebraska Appellate Reports
IN RE GUARDIANSHIP OF AIMEE S.
Cite as 24 Neb. App. 230

limited case law we have found does not support a finding that a parent of an incapacitated adult has the same rights as a parent of an incapacitated minor. However, Deborah continues to have the right to petition the lower court for a change in guardian, as she attempted to do in the underlying action. Accordingly, we conclude that the visitation order does not affect a substantial right because it does not infringe upon Deborah's fundamental right to raise her child. The visitation order is not a final order, and we do not have jurisdiction to hear the appeal.

## CONCLUSION

We conclude that the visitation order is not a final order because it did not affect a substantial right of Deborah's. Accordingly, we do not have jurisdiction over the appeal and it is dismissed.

APPEAL DISMISSED.

INBODY, Judge, participating on briefs.